Arnold L. Fein, J.
On November 29, 1967, there was a telescope type collision, involving four cars in a line. Car No. 1 was operated by Dolores Watkins (Watkins), car No. 2 by respondent, Roger Katan (Katan), car No. 3 by Juan Aviles (Aviles), car No. 4 by Edward Rembert (Rembert). The variations in the spelling of Rembert’s name in the various documents and papers do not appear to be material.
Respondent, Public Service Mutual Insurance Co. (Public Service), claiming the assigned risk automobile liability insurance policy which it had previously issued to Rembert had been canceled for fraud, effective September 2, 1967, prior to the accident, disclaimed coverage on a claim asserted by Katan against Rembert. Katan then sought arbitration against petitioner State Farm Mutual Automobile Insurance Co. (State Farm), his own insurer, under the uninsured motorist indorsement. On State Farm’s motion to stay arbitration on the ground that the attempt of Public Service to cancel Rembert’s policy was invalid and of no force and effect, the order granting a temporary stay of arbitration directed a hearing on two issues: (1) whether Rembert was uninsured at the time of the accident, and (2) whether the injury to Katan was caused by the Rembert . vehicle and/or the Aviles or Watkins vehicles.
On the hearing, Public Service established that as required by section 18-3 of the assigned risk plan, Public Service made appropriate application to the plan for leave to cancel Rembert’s policy for fraud and that the plan approved the cancellation. Twenty-three days’ written notice of cancellation, on an appropriate form, was mailed to Rembert at the address shown on the policy. Rembert testified this was his address, although he denied receipt of the notice. The formal notice did not bn its face advise Rembert of his right to appeal the findings of the plan authorizing cancellation. However, a separate letter dated the same day as the notice and addressed to him at the same address was mailed advising Mm of the determination of til© *84 plan and of his right to appeal to the Superintendent of Insurance. This was sufficient compliance with the requirement of the plan that notice of the right to appeal be given. No such appeal was ever taken.
The court finds that Public Service timely served an appropriate notice of cancellation on Rembert in accordance with section 18 of the assigned risk plan and section 313 of the Vehicle and Traffic Law, requiring 20 days’ notice of cancellation. However, Public Service failed to meet the burden of proof that notice of such cancellation was filed with the Commissioner of Motor Vehicles. Section 313 of the Vehicle and Traffic Law requires that notice of such cancellation be filed by the insurer with the Commissioner of Motor Vehicles not later than 30 days following the effective date of cancellation. Public Service failed to prove that it had served the “ F. S. 4 Notice of Termination ” on the Commissioner. The purported evidence of mailing the notice on August 10, 1967 was insufficient.
Although there had been cases to the contrary, there is now “ no question but that the termination of automobile insurance is unaffected by an insurer’s failure to file a notice of termination with the Commissioner of Motor Vehicles, as required by section 313 of the Vehicle and Traffic Law” (Capra v. Lumbermen’s Mut. Cas. Co., 31 N Y 2d 760, 762, revg. 37 A D 2d 190 only on the question of a triable issue as to proof of compliance; Perez v. Hartford Acc. & Ind. Co., 31 A D 2d 895, affd. 26 N Y 2d 625). As these cases hold, with respect to assigned risk policies, timely service of a notice of termination upon the insured in compliance with the relevant portions of the assigned risk plan, and section 313 of the Vehicle and Traffic Law, is sufficient to terminate the policy even though there is a failure to serve an “ F. S. 4, Notice of Termination ” on the Commissioner. Section 347 of the Vehicle and Traffic Law is not applicable.
Accordingly, the court finds that Public Service has established that (1) it served an appropriate notice of cancellation on Rembert, (2) such notice was sufficient to cancel Rembert’s policy effective September 2, 1967, and (3) Rembert was uninsured on the date of the accident.
State Farm’s claim that Public Service is guilty of laches and estonped from denying coverage to Rembert on the claim made by Katan because of its correspondence and delay in disclaiming coverage from May, 1968 to October, 1968 is without merit. (Perez v. Hartford Acc. & Ind. Co., 31 A D 2d 895, affd. 26 N Y 2d 625, supra.)
*85 Although it was stipulated that Katan, if called as a witness, would have testified that there were two hits, this is of no avail to petitioner, State ‘Farm. At best for State Farm, this would make Aviles and Eembert each liable for such portion of Katan’s damages as the trier of the facts in a plenary action might find attributable to each defendant’s negligence. (See Dole v. Dow Chem. Co., 30 N Y 2d 143.) This provides no basis for staying arbitration of Katan’s claim on his uninsured motorist indorsement to recover for any damage caused by Eembert, the uninsured motorist. Katan is not required to proceed against Eembert by plenary action.
Accordingly, the petition is dismissed, the temporary stay of arbitration is vacated and the petitioner and respondent Katan are directed to proceed to arbitration.
Settle judgment, which shall also provide for severance of the plenary actions.