OPINION OF THE COURT
Martin B. Klein, J.
In this nonjury case which is an action pursuant to section 167 of the Insurance Law of the State of New York to collect a judgment obtained by inquest by the plaintiff against one *1131 Mercedes Fernandez in the sum of $6,198, formal findings of fact were waived.
Defendant Allstate Insurance Company had issued a policy of automobile liability insurance to Mercedes Fernandez but claimed that, prior to the accident which gave rise to plaintiffs cause of action, it had canceled it by mailing to her a notice of cancellation pursuant to section 313 of the Vehicle and Traffic Law. Plaintiff has joined defendant Nassau Insurance Company for the purpose of having it bound with respect to the issue of coverage in the event he prevails in this action.
The issues in this case are: 1. Were the contents of the notice of cancellation printed in accordance with the requirements of subdivision 1 of section 313 of the Vehicle and Traffic Law with respect to size? 2. Was the printing of the statement relating to the requirement of maintenance of proof of financial security on the reverse side of the notice of cancellation sufficient compliance with section 313 of the Vehicle and Traffic Law? 3. Did defendant Allstate Insurance Company prove mailing of the notice of cancellation?
Conflicting theories were presented by each side as to whether or not the print set forth in the cancellation notice conformed to section 313 of the Vehicle and Traffic Law. The dispute centered about whether the mandate of the statute requiring the use of at least 12-point type referred to the face of the type; that is, the imprint that appears on the printed page, or whether it refers to the shank or body upon which the type face is mounted. Although the testimony showed that the face of the letters, as measured by each expert witnesses’ measuring devices, did not reach the 12-point standard as to each letter, the expert of defendant Allstate attempted to justify its use of undersized printing by arguing that the 12-point designation in the statute means that the printing used complies with it if, taken as a group the letters measure 12 point from the highest part of the print, called the ascender, to the lowest part of the print, called the descender. Using the example of the top of a capital "H” as the ascender and the bottom of the "y” as the descender, it argued that the range from the top of the capital "H” to the bottom of the "y” did measure 12 point and that, therefore, inasmuch as it was contained in a shank or body of 12-point size, this was compliance with the law.
On cross-examination, defendant Nassau Insurance Company attempted to show that such a conclusion could not have *1132 been intended by section 313 of the Vehicle and Traffic Law by demonstrating that in Ludlow type the shank is smaller than the face placed upon it and that, accordingly, the print is larger than the type into which it is set.
Inasmuch as subdivision 1 of section 313 of the Vehicle and Traffic Law requires that every notice of cancellation "shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained” the criterion is addressed to the face and not the type, also called the shank. Since Allstate failed to utilize appropriately sized type, the notice of cancellation itself does not comply with the statute. Strict compliance with the legislative mandate is required to effectuate the cancellation of an automobile liability insurance policy (Messing v Nationwide Mut. Ins. Co., 42 AD2d 1030).
The placement of the financial security clause required by subdivision 1 of section 313 of the Vehicle and Traffic Law on the reverse side of the notice, particularly when the reference: "See reverse side for statement of New York Law,” even though on the face of the notice, was printed in even smaller face print substantially diminished the conspicuousness required by statute. The Legislature in mandating minimum size printed face apparently wanted this notice to stand out like a glaring searchlight, analogous to a flashing red light at a railroad crossing to the beacon-at-sea warning mariners of dangerous waters (Matter of Country-Wide Ins. Co. [Zanfardino], NYLJ, July 8, 1977, p 12, col 2, revd and remanded for trial on factual issues, 54 AD2d 871).
Neither the mandatory admonition or the even smaller printed reference to the admonition as to proof of financial security was sufficiently conspicuous so as to comply with the intent of section 313 of the Vehicle and Traffic Law. (See Hunt v Perkins Mach. Co., 352 Mass 535; Rite Fabrics v Stafford-Higgins Co., 366 F Supp 1; Nassau Ins. Co. v Lion Ins. Co., 89 Misc 2d 982.)
Allstate produced an employee from its mailing room to establish mailing of the notice of cancellation. However, although a record of mailing containing a list of 20 names, including the name, address and policy number of Mercedes Fernandez was received in evidence, this witness offered no testimony showing that she compared it with the names and addresses on envelopes containing cancellation notices and which she placed in a mail bag for the postman. (See Caprino *1133 v Nationwide Mut. Ins. Co., 34 AD2d 522.) The burden of establishing the mailing of the notice of cancellation was on the insurer (De Persia v Merchants Mut. Cas. Co., 268 App Div 176, affd 294 NY 708; Crown Point Iron Co. v Aetna Ins. Co., 127 NY 608; United States Fid. & Guar. Co. v Nationwide Mut. Ins. Co., 34 Misc 2d 486). Allstate, therefore, failed also in its proof as to mailing of the notice.
It is ordered and adjudged that said plaintiff have judgment accordingly.