OPINION OF THE COURT

Per Curiam.

Order dated February 1, 1980 (Klein, J.), affirmed, with $10 costs.
This appeal raises a question of first impression on the effectiveness of an auto insurance cancellation notice under section 313 of the Vehicle and Traffic Law.
Section 313 (subd 1, par [a]) of the Vehicle and Traffic Law dictates that: "Every such notice of termination [of auto liability policies] for any such cause whatsoever sent to the insured shall include in type * * * which * * * shall not be smaller than twelve point a statement * * * [that the insured must maintain proof of financial security throughout the registration period] and that failure to maintain such proof * * * requires revocation of [the motor vehicle’s] registration”.
In the instant case, the insurance company concedes that the clause incorporated pursuant to section 313 in the textual body of the termination notice sent to the insured was not printed in the required 12-point type. A separate sheet of paper was, however, affixed by means of four staples to the front of the cancellation notice, and this paper contained the section 313 clause in the necessary type.
The question presented is whether this affixation satisfies the demands of section 313 that "every such notice of termination * * * shall include” the required 12-point type clause. (Emphasis added.) We agree with Special Term (Klein, J.) that it does not.
A host of courts in construing section 313 and its effect on attempted cancellations of auto insurance policies have issued an unyielding admonition — "[l]iteral compliance with the provisions of the policy and statutes is the rule and any ambiguity in language is strictly construed against the insurer” (Messing v Nationwide Mut. Ins. Co., 42 AD2d 1030, 1031; Government Employees Ins. Co. v Mizell, 36 AD2d 452). Against this backdrop, the language of section 313 which requires that the notice of termination "include” the relevant clause in 12-point type points more persuasively to a construction mandating that the clause be inserted in the body of the notice.
*861 Section 313’s notice requirements are designed to drive home to the insured motorist the realization that cancellation of his policy carries with it drastic consequences (revocation of registration), and to impel him to renew his policy before the rights of innocent third parties have intervened (Olivia v Government Employees Ins. Co., 46 AD2d 437, 441). It is thus an important public interest that the section 313 notice achieve the widest possible dissemination. Comprehension of section 313’s message is also vital. Inserting the section 313 clause in the body of the notice will best serve these twin goals of dissemination and comprehension. Nothing will make plainer to the motorist the connection between cancellation of his insurance and restriction of his driving rights than a clause to that effect printed in prominent 12-point lettering in the very body of the notice canceling his insurance. By contrast, a bare section 313 clause affixed to a termination notice, as was the case here, is more likely to be read out of context and thus be misunderstood, thereby thwarting the signal section 313 was designed to deliver.
While this is a relatively uncharted area, with a paucity of reported cases on point, the courts have consistently supported a rigorous construction of section 313 and rejected section 313 clauses not contained in the body of the cancellation notice (see Allstate Ins. Co. v Anderson, Supreme Ct., Nassau County, Wildes, J., Index No. 13494/78 [an unaffixed flier containing the section 313 notice in the required type failed to pass muster when mailed together with an inadequate notice of cancellation]).
In this regard were we to deviate from our construction of section 313 — as requiring actual inclusion in the notice of termination of a statement, in 12-point type, alerting the insured that failure to maintain proof of financial security requires revocation of motor vehicle registration — and conclude that such a statement stapled to the notice of termination, as in the instant case, fulfills the requirements of section 313, then we would implicitly encourage every conceivable permutation of affixing such statements to the notice of termination precipitating endless litigation. Questions would then continue to arise as to whether it is sufficient to merely include a flier in the envelope containing the notice of termination (rejected in Allstate Ins. Co. v Anderson, supra), to tape such a statement to the notice, glue such a statement to the notice, etc., all of which would require judicial scrutiny. Since *862 the courts have repeatedly called for strict compliance in construing section 313, we believe it appropriate to adopt a uniform standard of requiring actual inclusion of the section 313 statement within the body of the notice of termination.
For these reasons, we conclude that Special Term reached the correct result in holding that the insurer’s attempted cancellation of the auto policy was a nullity.
Concur: Hughes, J. P., Riccobono and Asch, JJ.