OPINION OF THE COURT
Bernard F. McCaffrey, J.
This is an action by State Wide Insurance Company, petitioner, for judgment declaring that the policy issued by Allstate Insurance Company was in effect at the time of the accident involving their insured, Noaldo Hernandez, and that Allstate, by virtue of such insurance, should defend the action and afford coverage to its insured, Noaldo Hernandez.
Once again, the court is faced with the never ending saga of the “12 point print” cancellation notices. The same scenario is repeated regularly in courts wherein the “insured”, the intended beneficiary of the statute, is rarely, if ever, a participant; the only participants are the insurance companies whose contention as to the 12-point print varies with their alternating roles as petitioner, or as respondent. These matters will continue to congest the court calendar *588 until such time as either the Legislature amends the law to eliminate the confusion, or more pragmatically, the insurance industry itself adopts a standard format. Furthermore, in this respect, the court finds that respondent Allstate’s latest revised notice of cancellation forms, on which the full text of the notice is placed in 12-point print on the rear side of the notice of cancellation (in addition to the 12-point print reference to this notice being placed on the face side of the form), is not being done with any purposeful intent to deprive or impede the insured from being advised of the statutory requirement to maintain financial security. Rather, it has become apparent that, because of the unfortunate requirement for literal compliance with what has been held to be the “pica polemic” 12-point print proceedings (Matter of Travelers Ind. Co. [American Brokerage Serv. Corp.], 94 Misc 2d 805 [Berman, J.]), we now have reached the ridiculous stage where the literal compliance with the 12-point print requires the use of most of the reverse side of the form.
Of course, there are those that might argue that a more effective means of giving notice to the insured would be, if the insurance companies were to adopt a notice on an unwieldy legal size cap. (8 inches by 11 inches), or perhaps evén to the further extreme, such as different color print. However, it should be noted that, though the purpose of the statute is to assure that the insured has notice, this court has yet to have an insured, either by affidavit, or appearance, contend that he did not receive actual or sufficient notice of cancellation. Rather, it is, as I have stated, a technical objection raised solely by the insurance companies amongst themselves. Furthermore, there is no requirement in the statute that prohibits an insurance company from utilizing both sides of the notice of cancellation, or any requirement that the entire 12-point text be printed on a particular side of the form. (For case directly on point, see Matter of West [Government Employees Ins. Co.], NYLJ, Oct. 2, 1980, p 13, col 4, Burke, J.)
The accident in this matter occurred on May 14, 1979 at 42nd Avenue and Junction Boulevard, Queens, New York. The respondent Allstate’s insured, Noaldo Hernandez, was an owner and operator of one of the vehicles involved in *589 this three-car accident, who is alleged to have been covered by a policy issued by Allstate for the period during which the accident occurred. The respondent, Harold Sapper, has asserted a claim for personal injuries against Noaldo Hernandez, Allstate’s insured, and by reason of Noaldo Hernandez’ possible lack of insurance, has made a claim against the petitioner, State Wide Insurance Company, under the uninsured motorist provision of its insurance policy.
By stipulation duly placed upon the record of this court on February 4, 1981, it was agreed by and between the attorneys for the respective parties that the sole question to be presented to the court was as follows: “Is the printing of the statutory notice regarding the requirement to maintain proof of financial security on the reverse side of a notice of cancellation in compliance with the requirements of § 313 of the Motor Vehicle and Traffic Law?”
The petitioner relies heavily upon Brisset v Allstate Ins. Co. (93 Misc 2d 1130). However, that case can be distinguished by virtue of the fact the reference on the face of the notice to the admonition on the reverse side admittedly was in type of which the face was less than 12-point type.
However, the court concurs with the determination reached by. the court in Matter of West (Government Employees Ins. Co.) (supra).
Section 313 of the Vehicle and Traffic Law requires that every notice of termination of insurance include a financial security clause in type the face of which is not smaller than 12 point. Strict compliance with this requirement is mandatory, and failure to comply invalidates the notice of cancellation. (Matter of Aetna Cas. & Sur. Co. v Morales, 70 AD2d 833; Cohn v Royal Globe Ins. Co., 67 AD2d 993.) The statutory requirement that the notice “shall include” the financial security clause is not satisfied by a separate insert or an attachment. (Ruggiero v American Fid. Fire Ins. Co., 103 Misc 2d 859.) Compliance with the statute has been held to require that the clause be included within the textural body of the notice of cancellation. (Ruggiero v American Fid. Fire Ins. Co., supra.)
In the case at bar, the financial security clause is printed in type face of proper size, and is “included on or in the *590 notice itself”. It is not affixed to the notice or printed on a separate enclosure. The reverse side of the notice of cancellation is as much a part of the body of the document as the face side, and nothing contained in the statute either prohibits an insurance company from utilizing both sides of a single sheet of paper used as a form of notice of cancellation, or specifies on which side of the sheet the financial security clause shall appear.
“It being the purpose of the statute to assure that the insured’s attention will be directed to the consequence that that cancellation of the insurance will result in revocation of the vehicle’s registration, that objective is not undermined by the printing of the clause on the reverse side of the notice, particularly where the insured’s attention is directed to a continuation of the text of the notice on the reverse of the sheet.” (Matter of West [Government Employees Ins. Co.], NYLJ, Oct. 2, 1980, p 13, col 4, Burke, J., supra.)
The notice of cancellation at issue in this action meets the requirements of the statute.
Accordingly, the court finds that the notice of cancellation issued by respondent, Allstate Insurance Company, was valid and the temporary stay shall be vacated.