OPINION OF THE COURT
Harold Hyman, J.
In this application to stay arbitration the issue for determination is whether Allstate Insurance Company (hereinafter Allstate) insured one Gregg Shaefer as an assigned risk on October 12, 1982, the date on which the Shaefer vehicle was involved in an accident with the respondent Minnie Griffin, so that said respondent’s claim under the uninsured motorist indorsement of a policy issued by petitioner would be unwarranted.
A hearing was held before me on October 12, 1983, at which time the parties stipulated to the following facts:
*311 The Shaefer vehicle was insured under a policy of insurance issued by Allstate pursuant to the New York Automobile Insurance Plan (also known as “assigned risk plan”), which insurance is alleged to have been canceled by said insurer, effective May 21, 1982. It was further conceded that Allstate timely issued its notice of cancellation to the insured, but never notified the Commissioner of Motor Vehicles of such cancellation.
Petitioner contends that this cancellation was ineffective inasmuch as the notice was not in compliance with relevant provisions of the New York Automobile Insurance Plan and the Vehicle and Traffic Law of the State of New York. The areas of noncompliance, as propounded by the petitioner, are as follows: (1) that the right of review and appeal statement on the back of the notice was not in 12-point type as required by section 313 of the Vehicle and Traffic Law; (2) that the language used in advising the assigned risk of his right to review deleted reference to the “right to appeal”; and (3) that the notice of cancellation was not filed with the Commissioner of Motor Vehicles within 30 days pursuant to subdivision 2 of section 313 of the Vehicle and Traffic Law.
At the outset, since the attempted cancellation occurred prior to the effective date of the 1981 amendments to subdivisions 2 and 3 of section 313 of the Vehicle and Traffic Law (as amd by L 1981, ch 569, §§ 4, 5, eff Sept. 1, 1982), the situation at bar falls within the well-settled rule that failure to notify the Commissioner of Motor Vehicles of a cancellation of insurance does not affect the validity of the notice of termination and thus render such cancellation ineffective as against third persons (Capra v Lumbermens Mut. Cas. Co., 31 NY2d 760; Perez v Hartford Acc. & Ind. Co., 26 NY2d 625, affg 31 AD2d 895; Hanover Ins. Co. v Eggelton, 88 AD2d 188,191; State Farm Mut. Auto. Ins. Co. v Katan, 75 Misc 2d 82).
Turning attention to the remaining contentions, there appears to be no decisional law on the issue concerning the form and content of the cancellation notice that must be sent to an assigned risk. Therefore, examination is in order of the pertinent provisions of the automobile insurance *312 plan and the Vehicle and Traffic Law as they existed in May, 1982 when the subject notice was issued.
New York Automobile Insurance Plan
“Sec. 18. CANCELLATIONS * * *
“3. Notice of all cancellations shall be in conformity with the Vehicle and Traffic Law”.
“Sec. 19. RIGHT OF REVIEW AND APPEAL
“an insured given notice of cancellation of insurance * * * may request that such action be reviewed by the Committee. Each notice of cancellation * * * shall contain or be accompanied by a statement that the insured * * * has a right to a review of such action by the Committee of the Plan and shall contain the address to which the request for review should be directed.
“The Plan shall promptly notify the insurer, the insured * * * and the Superintendent of Insurance of the Committee’s determination * * *
“If any * * * insured is aggrieved by any determination of the Committee, he may appeal to the Superintendent of Insurance. Each notice of determination made by the Committee shall include a statement of such right [of appeal] and shall contain the address to which the request by the insured for an appeal should be directed * * *
“An appeal by an insured shall not operate as a stay of cancellation”. (Emphasis added.)
Vehicle and Traffic Law
“§ 313. Notice of termination. * * * Every such notice of termination for any such cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which the termination becomes effective.”
In this court’s view, both the foregoing language as well as the clear contrast in intent behind the statutorily required inclusion in a cancellation notice of a financial responsibility statement in 12-point type versus the plan-mandated rule regarding notice to the assigned risk of his *313 right to review his insurance cancellation, refute petitioner’s contention that the latter notification must comply with the 12-point type requirements prescribed by section 313 of the Vehicle and Traffic Law.
Examination of the “Notice of Cancellation for NonPayment of Premium” that was sent by Allstate to its insured, Gregg Shaefer, reveals that it included within the textural body of the notice, the financial security clause in conformity with the Vehicle and Traffic Law and in compliance with subdivision 3 of section 18 of the automobile insurance plan. The plain purpose of such a clause and the 12-point type requirement was to give the insured clear and timely notice prior to cancellation so as to permit him to procure other insurance. It is the third party potentially involved in an occurrence with the insured who would be the prime beneficiary of notification to the insured alerting him to the impending loss of coverage and revocation of registration. In contrast, the right of review that is afforded an assigned risk need not necessarily occur or be invoked during the grace period required under the statute to permit the insured to pay the past due premium, procure a replacement policy or surrender his automobile registration. In large measure the right of the assigned risk to have his insurance cancellation reviewed by the committee of the plan is a postcancellation administrative remedy. Therefore, notice of this right of review does not take on the same urgency as the financial security clause and need not comply with the rigid statutory requirements regarding form and content.
An added argument against the contention that the right of review statement must comply with the 12-point type requirements prescribed by section 313 is that the statute itself limits the print requirement solely to the financial security clause, and now by case law, to any language contained in the notice referring to said clause (see Matter of Midwest Mut. Ins. Co. [Sinnott — State Farm Mut. Ins. Co.], 96 AD2d 530). Moreover, unlike the option provided under the plan rules permitting the right to review statement to accompany the formal notice of cancellation, the statute specifically requires that the financial security clause must be included within the textural body *314 of the notice. Indeed it is well settled that this statutory requirement is not satisfied by a separate insert or an attachment (State Wide Ins. Co. v Sapper, 108 Misc 2d 587; Ruggiero v American Fid. Fire Ins. Co., 103 Misc 2d 859; cf. State Farm Mut. Auto. Ins. v Katan, 75 Misc 2d 82, supra). There is nothing in the Vehicle and Traffic Law or as a matter of legal precedent to support the conclusion that the right of review statement appearing on the reverse side of a cancellation notice must be printed in 12-point type. In this matter, Allstate’s notice of cancellation contains a direction on the front to “see important notice on reverse side”, which direction is highlighted not only by its contrasting color but also by the fact that it is printed in italics. This more than suffices to alert an insured to the “Important Notice” appearing on the reverse side of the cancellation notice and is in compliance with section 19 of the automobile insurance plan.
Finally, with reference to the petitioner’s contention that the content of the disputed statement appearing in Allstate’s notice is inadequate, the court likewise finds such argument to be without merit. In pertinent part, the statement appearing on the reverse side of the cancellation notice informs an insured who has obtained insurance through the New York Automobile Insurance Plan (A.I.P.) that, he has “the right to request the A.I.P. Governing Committee to review” his insurance cancellation and contains the address to which the request for review should be directed. Petitioner avers that the above-quoted statement is deficient in that it deletes any reference to the assigned risk’s “right of appeal”.
A clear reading of section 19 of the automobile insurance plan, as quoted above, illustrates that it is a two-step process that must be undertaken by an assigned risk to exhaust his administrative remedies, to wit: (1) a right to a review by the committee of the plan of a participating insurer’s cancellation, and (2) an appeal to the Superintendent of Insurance from any determination of the committee adverse to the insured. In other words, the insured must first seek a review of his cancellation from the committee of the plan, whereupon it is the function of the committee to give notice of its determination to the insured which *315 shall include a statement of his right of appeal and the address to which the request for an appeal should be directed. While it is the participating insurer’s obligation to advise the assigned risk insured of his right to a review, such right accruing upon notice of the cancellation of insurance and included therein, it is the committee of the plan, after rendering a decision upon the insured’s request for a review, which is mandated to give formal notice of its determination to the insured and include in said notice a statement advising him of his right to an appeal from the committee’s determination to the superintendent. It logically follows, therefore, that all that is required of an insurer to include in its cancellation notice with reference to an assigned risk is his right to request committee review of his insurance cancellation.
Accordingly, being that Allstate’s cancellation was effective so that the Shaefer vehicle was uninsured at the time of the accident, the application is denied. The respondent Griffin and her insurer, Liberty Mutual Insurance Company, shall proceed to arbitration.