OPINION OF THE COURT
Harold Hyman, J.
This is an application for a stay of arbitration under the uninsured motorist provision contained in the policy issued by the petitioner to the owner of a motor vehicle in which the respondent, Edith Belot, was a passenger on May 11, 1981, when there was a collision with a vehicle owned by one Goldie Adedeji.
The petitioner claims that at the time of the accident the Adedeji vehicle was insured by Allstate Insurance Company (hereinafter Allstate). Allstate claims that its insurance policy was canceled on April 28, 1981, by a cancellation notice sent to the insured by the King Premium Service Corp. (hereinafter King Premium), which was the finance company which had financed the payment of the premiums due on the policy issued to Adedeji.
A hearing was held before this court, at which time the parties stipulated to the following facts:
*1077 Upon default of Allstate’s insured, Adedeji, in making the required periodic repayment of an installment due on the sum advanced by King Premium for the premiums, the finance company invoked its authority to cancel the Allstate policy pursuant to a power of attorney recited in the premium finance agreement and authorized by statute (Banking Law, § 576, subd [1]). It is undisputed that the cancellation notice issued by the finance company was in accordance with the requirements of section 576 of the Banking Law.
The objection raised by the petitioner is that the “notice” as required by section 567 (subd 2, par [b]) of the Banking Law was not complied with in that the notice was not printed in 8-point type as required by the statute. The petitioner further argues that failure to comply with this statutorily mandated provision as to type size invalidates the entire finance agreement, and, consequentially, renders void the power of attorney given to the finance company to cancel the insurance policy. It is most noteworthy that petitioner, in its self-appointed, though legally questionable capacity as a third-party beneficiary to the contract between the debtor-insured and the premium finance agency, failed to offer any proof with regard to the signing of the premium finance agreement or whether there were any blank spaces in it when it was executed, matters pertinent to the defective notice provision challenged by petitioner.
There being no legal authority to support petitioner’s view, State Farm seeks to analogize the within facts to a litany of cases which hold that, for effective cancellation of an insurance policy, the notice of cancellation sent to the insured by the insurer or the premium finance agency must include a financial security statement which strictly complies with the statutorily mandated typeface size (Vehicle and Traffic Law, § 313; Banking Law, § 576, subd 1, par [c]; see, e.g., Matter of Travelers Ind. Co. v Rammer, 72 AD2d 817, affd 51 NY2d 792; Cohn v Royal Globe Ins. Co., 49 NY2d 942). This analogy is without merit, however, inasmuch as it overlooks the distinct legislative intent behind the typeface size requirements prescribed by section 313 of the Vehicle and Traffic Law and section 576 of *1078 the Banking Law and for whose ultimate benefit the cancellation notice strict compliance standard evolved (cf. Matter of Liberty Mut. Ins. Co. v Griffin, 122 Misc 2d 310).
In contrast is the situation in which the fine print of a contract (e.g., a premium finance agreement) would perhaps relieve a contracting party of the obligation imposed (see, e.g., Egan v Kollsman Instrument Co., 21 NY2d 160; Matter of Allstate Ins. Co. [La Perta], 42 AD2d 104; 1 Williston, Contracts [3d ed], § 90C, pp 309-310), for the Banking Law, through the legal instrument of a finance premium agreement, creates a “primary relationship” between the insured and the finance agency (Home Mut. Ins. Co. v Broadway Bank & Trust Co., 100 Misc 2d 228, affd 76 AD2d 24, affd 53 NY2d 568). Therefore, the more logical view would consider a defect in the form and content of the premium finance agreement prescribed by section 567 of the Banking Law, at best, as constituting a defense interposed by the insured to an action by the financer to enforce the agreement or for breach thereof.
Finally and notwithstanding petitioner’s highly tenuous attempt to distinguish the Court of Appeals decision rendered in Ward v Gresham (59 NY2d 878), this court has examined the appellate record (which discloses a previous challenge to the validity of a premium finance agreement defective in form, i.e., typeface size) and believes such a contention to have been given consideration and found to be “without merit” {supra, p 881) by the highest court.
Accordingly, being that King Premium’s cancellation was effective so that the Adedeji vehicle was uninsured at the time of the accident, the application is denied. The respondent Belot and her insurer, State Farm, shall proceed to arbitration.