■ In the Matter of UTICA MUTUAL INSURANCE COMPANY, Appellant, v ROBIN A. MORRONE et al., Respondents. — In a proceeding to stay arbitration of an uninsured motorist claim, the appeals are from (1) an order of the Supreme Court, Orange County (Delaney, J.), dated February 29, 1984 and (2) a judgment of the same court, dated March 11, 1984 which was entered thereon, which, *inter alia,* after a hearing, vacated a previous order of said court (Rosenblatt, J.), entered June 18, 1982, that had granted petitioner's application for a stay of arbitration, and directed that the parties proceed to arbitration.

Appeal from the order dated February 29, 1984, dismissed (*see, Matter of Aho,* 39 NY2d 241, 248).

Judgment dated March 11, 1984 affirmed.

Respondent-respondent is awarded one bill of costs.

The court correctly found that prior to that date of the accident in question, Nationwide Mutual Insurance Company effectively canceled the automobile insurance policy it had previously issued to its insured. Although there must be strict compliance with the requirements set forth in Vehicle and Traffic Law former § 313 (*Cohn v Royal Globe Ins. Co.,* 49 NY2d 942, 944; *Liberty Mut. Ins. Co. v Donahue,* 67 AD2d 999), under the circumstances presented here, we find that placement of the financial security clause on the second page of a two-page notice of cancellation satisfies the statute (*see, State Wide Ins. Co. v Sapper,* 108 Misc 2d 587). Petitioner does not now claim that the clause itself was printed in less than a 12-point type face. Rather, it contends that the absence of any warning statement in the appropriate type face on page one of the notice constituted a violation of former section 313. This argument is unpersuasive. Clearly, had such a statement been present, it would have had to comport with the specific requirements of former section 313 because, in effect, the statement becomes part of the clause (*see, Spring Brook Riding Academy v National Grange Mut. Ins. Co.,* 97 AD2d 754). However, nothing in the law mandates the presence of the warning statement if the clause is obviously part of the text of the notice of cancellation, particularly where, in cases such as the instant one, the second page of the notice is a separate sheet of paper rather than the reverse side of a form (*cf. Ruggiero v American Fid. Fire Ins. Co.,* 103 Misc 2d 859).

Moreover, there was ample evidence from which to conclude that Nationwide Mutual Insurance Company no longer insured one of the vehicles involved in the accident. Thus, the court properly decided that petitioner should proceed to arbitration (*see, Matter of Empire Mut. Ins. Co. [Kohulka Ins. Co.],* 83 AD2d 822). Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.