■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, and ARMAND MILDOR, Respondent.—Order of the Supreme Court, New York County (Kenneth Shorter, J.), entered July 24, 1985, which granted petitioner's motion for reargument and, upon reargument, adhered to its original decision denying petitioner's application for a stay of arbitration and dismissing the petition, unanimously reversed, on the law, with costs, the petition reinstated and granted to the extent of staying arbitration pending a hearing on the issue of the validity of General Accident Insurance Company of America's cancellation of coverage, and the court directed to add General Accident Insurance Company of America and Tabby Transit Company as parties respondent. The appeal from the order of the same court, entered April 19, 1985, is dismissed, without costs, as superseded by the appeal from the subsequent order.

On October 1, 1983 a car owned and operated by respondent Armand Mildor collided with a taxicab owned by Tabby Transit Company. In December 1984 Mildor, claiming that the taxi involved in the October 1983 accident was uninsured, served a demand for arbitration upon his insurer, Nationwide Mutual Insurance Company. Nationwide replied by petitioning for a stay of arbitration on the ground that Mildor had not proven that the taxi was uninsured. In response, Mildor produced a copy of a notice of revocation, form MV110, which stated that the taxi's insurance with General Accident Insurance Company of America had been terminated, effective September 12, 1983, nearly three weeks before the accident. Nationwide countered with a Department of Motor Vehicles form DP-27 indicating that the taxi's insurance with General Accident had not been canceled until October 12, 1983, 11 days after the accident. Despite Nationwide's showing, the petition was dismissed without a hearing by order entered April 19, 1985.

Following submission of the motion resulting in the April 19 order, petitioner obtained a copy of the cancellation notice sent to Tabby Transportation Company by its insurer, General Accident. A motion for reargument and renewal was then made by Nationwide on the ground that the newly discovered evidence disclosed that the cancellation, purportedly effective as of September 12, 1983, was void for General Accident's failure to abide strictly by Vehicle and Traffic Law § 313. That section, insofar as is here relevant, requires that all cancellation notices contain a statement advising the insured that proof of financial security must be continuously maintained

throughout the registration period. It further requires that notice of cancellation be filed with the Commissioner of Motor Vehicles. Although it appears that the first of these requirements was not met by General Accident and that the conflicting documentary evidence raises a triable issue as to the second, the court, after granting reargument, adhered to its initial determination.

Valid cancellation of automobile insurance may not be accomplished without strict adherence to the requirements set forth in Vehicle and Traffic Law § 313 *(Cohn v Royal Globe Ins. Co.,* 49 NY2d 942 [1980]; *Matter of Utica Mut. Ins. Co. v Morrone,* 108 AD2d 865 [2d Dept 1985]). The notice of cancellation issued by General Accident to Tabby Taxi, a copy of which is included in the record on appeal, manifestly omits the required proof of financial security clause. In addition, the documents produced, showing two possible dates on which revocation was effective, do not, without more, permit the conclusion that proper notice of preaccident revocation was filed with the Commissioner of Motor Vehicles. Thus, even if General Accident can show, contrary to the evidence so far adduced, that proper notice of cancellation was given its insured, a hearing would still be necessary to determine when notice of cancellation was properly filed with the Commissioner of Motor Vehicles.

We note that General Accident has not been joined as a party to this action and, therefore, has not had an opportunity to demonstrate, as it must if it is to avoid liability under its policy of insurance *(see, Viuker v Allstate Ins. Co.,* 70 AD2d 295 [2d Dept 1979]), that it validly canceled the subject policy prior to the accident.

The matter is accordingly remanded for a hearing as to the validity of General Accident's cancellation with the direction that General Accident and its insured be added as parties respondent. Concur—Murphy, P. J., Sullivan, Ross, Carro and Fein, JJ.