■ DEBRA J. GRAHAM, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants.—In an action for a judgment declaring that the defendants are obligated to de-

fend and indemnify the plaintiff with respect to an action arising out of a certain automobile accident, the defendants appeal from an order of the Supreme Court, Orange County (Hickman, J.), dated May 6, 1987, which (1) granted the plaintiff's motion for summary judgment declaring that the defendants were obligated to defend and indemnify her under an automobile insurance policy, and (2) denied the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, cross motion is granted, and it is declared that the insurance policy was effectively canceled.

The plaintiff's contention that the defendant insurers' cancellation letter failed to comport with the notice requirements of Vehicle and Traffic Law § 313 cannot be sustained. Although at bar a warning clause required by Vehicle and Traffic Law § 313 was contained on the second page of a two-page notice, we perceive no statutory infirmity where the second page contained a further postscript discussion of the reasons underlying the termination and was thus clearly a part of the textual narrative of the notice itself. The plaintiff's attempt to distinguish our decision in *Matter of Utica Mut. Ins. Co. v Morrone* (108 AD2d 865) is unavailing. The record in that case reveals that the *Utica* cancellation notice was virtually identical to the one at bar. In *Utica,* the warning clause also appeared on the second page of the notice after a first-page signature line, where further explanatory information regarding the cancellation was contained in a postscript. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.