In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v CARLOS JORDAN et al., Respondents, and INTERBORO MUTUAL INDEMNITY INSURANCE Co., Appellant. [669 NYS2d 858] —In a proceeding to permanently

stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Alfano, J.H.O.), dated December 11, 1996, which, in effect, granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

It is undisputed that the notice of cancellation of the policy issued by the appellant Interboro Mutual Indemnity Insurance Company (hereinafter Interboro) contained all of the information required by Vehicle and Traffic Law § 313 (1) (a) and the New York Automobile Insurance Plan (*see, Barile v Kavanaugh*, 67 NY2d 392; *Matter of State Farm Mut. Auto. Ins. Co. [Ramos]*, 104 AD2d 495). We find no merit to the Supreme Court's conclusion that the form of the notice was so confusing as to render it ineffective (*see, e.g., Graham v Nationwide Mut. Ins. Co.*, 144 AD2d 339; *Matter of State Farm Mut. Auto. Ins. Co. [Ramos], supra*). Since Interboro validly terminated its policy prior to the time of the accident in question, the purchaser of that policy was uninsured at the time of the accident, and the petitioner was not entitled to a permanent stay of arbitration of the uninsured motorist claim made by its insured. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.