■ In the Matter of the Arbitration between JOHN WRIGHT et al., Respondents, and UTICA MUTUAL INSURANCE COMPANY, Appellant, and ALLSTATE INSURANCE COMPANY, Respondent.—In a proceeding to stay arbitration, the Utica Mutual Insurance Company appeals from an order of the Supreme Court, Suffolk County, dated April 8, 1976, which, after a hearing, *inter alia,* denied its application to stay arbitration. Order affirmed, with one bill of costs jointly to respondents. The evidence supports the finding that the automobile involved in the accident with the claimants' automobile was uninsured. When an insurance policy is canceled for nonpayment of a premium, the notice of cancellation need not include a statement informing the insured that the cancellation can be reviewed by a committee established pursuant to the New York Automobile Plan (the "Assigned Risk Plan"). We decline to follow the rationale expressed by the Fourth Department in *Government Employees Ins. Co. v Mizell* (36 AD2d 452, 454). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CESARE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 20, 1975, convicting him of attempted possession of weapons and dangerous instruments and appliances, as a felony, upon a plea of guilty, and imposing sentence. The appeal brings up for review an order of the same court dated May 22, 1975, which, after a hearing, denied defendant's motion to suppress evidence. Order and judgment reversed, on the law and the facts, motion granted, and indictment dismissed. On May 27, 1974, at approximately 7:00 P.M., Detective George Volz investigated a reported shooting. The following day one Robert Newman, the alleged victim, directed Detective Volz to a particular apartment occupied by the defendant. Leaving the complainant in the police car, Detective Volz, attired in civilian clothes, unsuccessfully attempted to gain entrance to defendant's apartment by identifying himself as a building inspector. After approximately 10 minutes he identified himself as a police officer. The defendant did not believe him. Detective Volz then asked his partner, who was also not in uniform, to call for assistance. After approximately another 10 minutes, two uniformed officers arrived. Upon opening the door, the defendant extended his arms as if to be handcuffed. When asked if he was Steven Cesare, the defendant silently backed into the apartment. The defendant permitted the four officers, two plainclothesmen and two uniformed officers, to enter. Immediately, Detective Volz twice inquired of the defendant, "Where is the gun?" The defendant told him that it was in the refrigerator. The detective retrieved the gun, which was in a brown paper bag in the freezer compartment of the refrigerator. The defendant was then arrested. We are constrained to reverse the order of the trial court and suppress both the defendant's statement and the gun. It is undisputed that the officer did not apprise the defendant of his *Miranda* rights prior to his inquiry as to the location of the gun. We find that a reasonable man, innocent of any crime, would have reasonably believed that his freedom of action was significantly deprived by the presence of four armed officers in his home. Consequently, the circumstances of the interrogation were custodial in nature (see *People v Rodney P.,* 21 NY2d 1, 9; *People v Yukl,* 25 NY2d 585, 589, cert den 400 US 851). Having disposed of the case in this manner, we do not reach the question of whether there was an unreasonable delay in prosecution. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.