■ DAMON DANIEL, an Infant, by His Mother and Natural Guardian, MARGO DANIEL, et al., Plaintiffs, v SERGIO T. RIVERA et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Appellant. — In a declaratory judgment action, the Motor Vehicle Accident Indemnification Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (Gurahian, J.), dated July 6, 1982, as, after a nonjury trial, determined that a certain policy of automobile liability insurance issued to defendant Sergio T. Rivera by defendant Aetna Casualty and Surety Co. was validly canceled on May 15, 1980 for nonpayment of premiums. Judgment reversed, insofar as appealed from, with one bill of costs payable by Aetna Casualty and Surety Co. to appellant and to the plaintiffs and it is declared that the policy of automobile liability insurance issued to the defendant Sergio T. Rivera by the defendant Aetna Casualty and Surety Co. was not validly canceled on May 15, 1980, for nonpayment of premiums and was in full force and effect on June 19, 1980. The trial court's reliance on our decision in *Matter of Wright (Utica Mut. Ins. Co. — Allstate Ins. Co.)* (55 AD2d 959) is misplaced. At the time of that decision in 1977, the rules of the New York Automobile Plan (the Assigned Risk Plan) provided that where cancellation for nonpayment of premiums was involved, there was no requirement that the notice of cancellation include a statement informing the insured that the cancellation can be reviewed by a committee established pursuant to the plan. Since that time, administrators of the plan have changed the rules to require, *inter alia,* that a notice of cancellation for nonpayment of premiums must include a statement informing the insured that the cancellation can be reviewed by such committee and shall contain an address to which a request for review should be directed. It is not disputed that no such notice was given in the case at bar. Thompson, J. P., Gulotta, O'Connor and Rubin, JJ., concur.