OPINION OF THE COURT
Arthur D. Spatt, J.
BACKGROUND
By notice of petition dated May 23, 1983, petitioner Federal Insurance Company commenced the instant proceeding, pursuant to CPLR 7503 (subd [b]), seeking to stay arbitration as demanded by respondent Rivera by notice dated May 11,1983. Respondent Rivera’s demand for arbitration was made pursuant to the uninsured motorist indorsement of the automobile liability policy maintained by him with the petitioner. This demand arises out of an accident which allegedly occurred on February 19, 1982, *507 involving Rivera as a pedestrian and an allegedly uninsured vehicle purportedly owned by one Raul Ponce and, at least at one time, insured by the added respondent Utica Mutual Insurance Company (Utica Mutual).
The petition alleges that Utica Mutual contends that as of 12:01 a.m. on November 21,1981, the liability insurance policy covering the Ponce vehicle was canceled. The subject policy issued and allegedly canceled by Utica Mutual, described as policy No. AAF9147745-1, was concededly an assigned risk policy, thus subject to the rules of the Automobile Insurance Plan of New York.
By order of this court dated June 8,1983 (Becker, J.), a temporary stay of arbitration was granted. It was directed that Utica Mutual be added as a party respondent, and a trial was ordered as to the issue of whether the Ponce vehicle was insured or was uninsured at the time of the accident.
This matter came before me for trial on December 19, 1983. The parties have agreed that the following two issues must be resolved:
(1) Whether Utica Mutual’s notice of cancellation dated and mailed to Ponce on October 29, 1981 complied with section 19 of the rules of the Automobile Insurance Plan of New York. As pertinent to the instant proceeding, such rule requires a notice of cancellation of a policy issued under the assigned risk plan to contain a statement as follows: “Sec. 19. Right of Review and Appeal * * * Each notice of cancellation or denial of insurance shall contain or be accompanied by a statement that the insured or applicant has a right to a review of such action by the Committee of the Plan and shall contain the address to which the request for review should be directed.” (Emphasis supplied.)
(2) Whether or not, in accord with section 18 of the rules of the Automobile Insurance Plan of New York, respondent Utica Mutual lawfully issued its cancellation. In this regard, it should be noted that section 18 (2B) (8) provides, as pertinent to the instant action, as follows:
“Sec. 18. Cancellations * * *
*508 “2B. Cancellation by insurer (applicable to policies not subject to Section 167a of the Insurance Law)
“Applicable to all assignments effective on and after August 1, 1976 and renewals of such assignments.
“An insurer which has issued a policy or binder under this Plan shall have the right to cancel the insurance by giving notice as required in the policy or binder if the insured * * *
“8. cannot be located by the company, for the purpose of its underwriting review, or fails to respond to at least two written requests for pertinent underwriting information, which would have a direct bearing on the rating of a policy.”
STIPULATED FACTS
The parties stipulated to the following facts:
(1) That Utica Mutual issued assigned risk policy No. AAF9147745-1 to Raul Ponce covering the period from September 30, 1981 through September 30, 1982.
(2) That Utica Mutual mailed a notice of cancellation to Raul Ponce and Alimar Brokerage, Inc., on October 29, 1981, containing an effective date of November 21,1981 at 12:01 a.m.
(3) That the alleged accident occurred on February 19, 1982, a time within the policy period of the Utica Mutual policy.
(4) That the appropriate language in the notice required to be in 12-point type was, in fact, in such proper type.
CONCLUSIONS
The court finds that in issuing its notice of cancellation of the subject assigned risk policy, Utica Mutual failed to comply with sections 18 and 19 of the Automobile Insurance Plan of New York. Thus, the application to stay arbitration must be granted.

The Failure of Utica Mutual to Comply with the Notice Requirements as set forth in Section 19

A notice of cancellation of an assigned risk policy must include a statement informing the insured that he may seek review of such cancellation by the “Committee of the *509 Plan” and must contain an address where such request for review is to be directed. Failure to include such statement will vitiate the cancellation. (See Daniel v Rivera, 93 AD2d 877, affd 60 NY2d 662; Matter of Wright [Utica Mut. Ins. Co. — Allstate Ins. Co.], 55 AD2d 959.) The burden of establishing that the subject cancellation meets the strictures of the rule is upon Utica Mutual. (See Viuker v Allstate Ins. Co., 70 AD2d 295; Boyce v National Commercial Bank & Trust Co., 41 Misc 2d 1071, affd 22 AD2d 848; De Persia v Merchants Mut. Cas. Co., 268 App Div 176, affd 294 NY 708; 30 NY Jur, Insurance, § 730.)
Here, petitioner, as the party which will “suffer” if Raul Ponce had no insurance in effect, has the right to require Utica Mutual to prove effective cancellation. (See Matter of Safeco Ins. Co. [Testagrossa], 67 AD2d 979.)
Where the procedures to be followed in issuing a notice of cancellation are set forth in a statute or rule, strict adherence rather than substantial compliance with the requisite provisions is necessary to effectuate cancellation. (See Matter of Otterbein v Babor & Comeau Co., 272 NY 149; Nassau Ins. Co. v Hernandez, 65 AD2d 551; B. & B. Trucking v Home Fire & Mar. Ins. Co., 125 Misc 312, affd 216 App Div 710, affd 243 NY 558; 30 NY Jur, Insurance, § 730.)
Here, the notice of cancellation (an omnibus preprinted form) forwarded to Ponce contained the following typewritten notice midway down the page: “Reason(s) for cancellation: Company Reqúest-Unable to contact-Per Section 19 insured has right to appeal to A.I.P., 733 Third Ave., New York, N. Y. 10017 or contact Equifax 212-380-2972 Mr. Douglas.”
Further down the notice of cancellation a printed notice indicates that the insured has a right to appeal to “the Governing Committee of the Plan”. This “second” notice, however, is not checked or otherwise made to indicate that it is applicable to this particular case. Thus, the court finds such second notice has no bearing on the sufficiency of the notice provided, which notice must be evaluated solely by the typewritten words above set forth.
The court finds that the typewritten words, while in substantial conformity with the notice requirements, do *510 not strictly adhere to the rule. The insured is not informed of his right to review by the committee of the plan. Rather, he is told of his right to appeal to A.I.P., an unidentified entity. Such notice does not suffice. This deviation from the required notice vitiates the validity of the cancellation. (Compare Nassau Ins Co. v Hernandez, supra.)

Utica Mutual’s Cancellation Failed to Comply with the Provisions of Section 18

Through the testimony of witness Edward H. McClellan, an investigator for Equifax, an insurance and claims investigation firm, Utica Mutual established that (1) a search was made for Ponce’s telephone number by use of the local telephone directories, by use of the local street directory, by inquiry of the telephone operator and by contacting the insurance broker; (2) Ponce’s phone number did not appear on the application filed by Ponce; and (3) the bill sent to Ponce to cover the subject insurance policy was returned on October 26, 1981 as “not deliverable”.
No other proof as to any attempt by Utica Mutual to locate the insured was adduced.
The aforesaid proof fails to demonstrate that Utica Mutual “could not locate” Ponce for underwriting review, or that Ponce failed to respond to at least two written requests. It must be recalled that the notice of cancellation relied upon “failure to locate” as the basis of cancellation. Failure of payment was not set forth as a basis of cancellation. The court finds that the cursory attempt made by Utica Mutual to locate Ponce’s telephone number, albeit his application revealed no phone listing, does not constitute a ground for cancellation pursuant to section 18 (2B) (8). Indeed, there was no proof offered that Utica Mutual made any bona fide effort to locate or communicate in writing with Ponce prior to the attempted cancellation.
Thus, the attempted cancellation of the subject policy by Utica Mutual was ineffective, and the said policy was in effect as of the date of this accident.
Accordingly, judgment is granted in favor of the petitioner permanently staying respondent Victor Rivera from arbitrating this uninsured motorist claim against the peti *511 tioner on the ground that there was a policy of insurance in effect with respondent Utica Mutual covering the Ponce vehicle at the time of this accident on February 19, 1982.