■ ELI HOREN, Respondent, v HELEN HOREN, Defendant. ELI HOREN, Respondent, v JOSEPH L. FORSCHER, Appellant. — In a matrimonial action, the appeal, as limited by the appellant's brief, is from so much of a judgment of the Supreme Court, Nassau County (Vitale, J.), entered February 22, 1983, as directed the husband to pay counsel fees in the amount of $1,500 to the wife's attorney. ¶ Judgment modified, on the facts, by increasing the counsel fee awarded to $2,500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. ¶ We find that on the record before us the counsel fee award was inadequate to the extent indicated. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.

■ K & G FEATHERED PETS, INC., et al., Respondents, v CATHERINE LO PRESTI, as Administratrix of the Estate of PATRICIA LOVERGINE, Deceased, et al., Defendants; AETNA CASUALTY & SURETY COMPANY et al., Respondents, and MICHIGAN MUTUAL INSURANCE COMPANY, Appellant. — In an action for a declaratory judgment, Michigan Mutual Insurance Company appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered January 28, 1983, which, after a nonjury trial, declared that it afforded insurance coverage to plaintiffs for a motor vehicle accident which occurred on September 8, 1980. ¶ Judgment affirmed, with one bill of costs to respondents appearing separately and filing separate briefs. ¶ The rules of the New York Automobile Plan (the Assigned Risk Plan) in effect at the time of cancellation herein for nonpayment of a premium installment required that the notice of cancellation inform the insured of its right to appeal to a committee established pursuant to the plan. The printed notice contained 10 notification paragraphs, each preceded by a blank box; one of these paragraphs informed the insured of the right to appeal. However, although a legend at the top of the body of the form stated "(Applicable item marked [X])", the box applicable to the paragraph relating to the right to appeal was left unmarked. Therefore the notice of cancellation did not include the requisite notice of the right to appeal and the policy remained in effect at the time of the accident (see *Daniel v Rivera*, 93 AD2d 877). Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.