■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and CLARA RAMOS, Respondent, and EVEREADY INSURANCE COMPANY, Appellant, et al., Respondent. — In a proceeding to stay the arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Queens County (Hyman, J.), entered February 19, 1984, which granted the application and permanently stayed Clara Ramos from arbitrating her claim presented to petitioner on the ground that the offending vehicle was insured by the Eveready Insurance Company at the time of the accident.

Judgment reversed, on the law, with costs, petition dismissed, stay vacated and petitioner is directed to proceed to arbitration pursuant to the demand therefor, in accordance with the terms and conditions of the uninsured motorist insurance indorsement of the policy issued by it.

On June 22, 1981, Clara Ramos was involved in an automobile accident with a vehicle owned and operated by William Chisholm. Chisholm's insurance policy with the Eveready Insurance Company had allegedly been canceled effective March 23, 1981. Ms. Ramos sought arbitration pursuant to her own automobile insurance policy issued by petitioner, State Farm Mutual Automobile Insurance Co., which contained the standard uninsured motorist indorsement. By order of Special Term (Lerner, J.), petitioner's application to stay arbitration pending determination of the issue of Chisholm's coverage was granted and Chisholm and Eveready Insurance Co. were added as respondents.

After a nonjury trial, the court (Hyman, J.) found that Eveready's purported cancellation of Chisholm's policy was invalid in view of the fact that the notice of cancellation made no reference to the right to a review which is specifically provided for under section 19 of the rules of the New York Automobile Insurance Plan (Plan).

It was conceded at trial that Eveready timely issued its notice of cancellation to the insured. In said notice, the insured was apprised of his right to appeal to the Committee of the Plan. The precise language of section 19 provides that "[e]ach notice of cancellation or denial of insurance shall contain or be accompanied by a statement that the insured or applicant has a right to a review of such action by the Committee of the Plan". The parties stipulated to limit the issues on appeal to whether the use of the word "appeal" in lieu of the word "review" on Eveready's notice of cancellation complied with the notice requirements of section 19 of the rules of the New York Automobile Insurance Plan.

Appellate courts appear to have used the terms right to "review" (*Daniel v Rivera,* 93 AD2d 877, affd 60 NY2d 662 for the reasons stated in mem at App Div) and right to "appeal" synonymously (*Aetna Cas. & Sur. Co. v O'Connor,* 8 NY2d 359, 363; *K & G Feathered Pets v Lo Presti,* 100 AD2d 894; *Government Employees Ins. Co. v Mizell,* 36 AD2d 452, 454).

Although section 19 of the rules of the New York Automobile Insurance Plan differentiates between review by the Committee of the Plan and appeal to the Superintendent of Insurance, it does not compel the use of any standard language other than a requirement to furnish the address to which the request for review should be directed. Eveready provided said address in its notice of cancellation. Under the circumstances, we conclude that there was substantial compliance with the regulations.

Inasmuch as the assigned risk insured was informed of the existence of a vehicle via which the cancellation of his policy could be challenged, we conclude that the fundamental requirements of due process have been met (see *Silverstein v Minkin,* 49 NY2d 260, mot for rearg or reconsideration den 50 NY2d 929). Accordingly, Eveready's cancellation of the Chisholm insurance policy was valid and effective as of March 23, 1981. Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.