OPINION OF THE COURT
Herbert Shapiro, J.
Motion by defendant Tokio Marine Management, Inc., for an order dismissing plaintiff’s complaint and cross claim of codefendant MVAIC on the grounds that the defenses are founded upon documentary evidence and further that plaintiff’s complaint and the MVAIC cross claim fail to state a cause of action is disposed of as follows:
The plaintiff allegedly sustained personal injuries when struck by a motor vehicle owned by defendant Goshen Central Dispatch Company, Inc. (Goshen), and driven by codefendant John Doe. Thereafter, plaintiff commenced the instant action against defendant Tokio Marine Management Co. (Tokio) in or about July 1984, seeking, inter alia, a declaratory judgment that a policy of insurance issued by Tokio to Goshen was in full force and effect on August 1, 1981, the accident date. Plaintiff also commenced the action against MVAIC and MVAIC interposed an answer containing a cross claim against Tokio.
The thrust of plaintiff’s complaint against Tokio is that Tokio issued an automobile insurance policy to Goshen which was in full force and effect on the accident date and that, as a result, the defendant Goshen is entitled to a defense and coverage under *960 such policy in the plaintiffs personal injury action. Alternatively, plaintiff seeks a declaration that the policy issued by Tokio to Goshen was validly and properly canceled, and as a consequence, there was no policy in effect covering Goshen’s automobile at the time of the accident. If that be so, plaintiff is entitled to pursue its claim against MVAIC for the injuries sustained.
Tokio, the insurer, has declined both to undertake Goshen’s defense in the personal injury action and to afford liability coverage on the ground that Goshen’s policy of insurance was canceled effective May 8,1981, three months prior to the occurrence of the accident.
Tokio does admit that a policy of insurance was issued to Goshen effective December 31,1980. However, it is claimed that the policy was canceled by Tokio due to Goshen’s failure to pay the premium prior to the date of the accident. In support of its position, Tokio submits a copy of the insurance policy with indorsements and the notice of cancellation with the receipt indicating it was sent to Goshen by certified mail. In addition, there is furnished the cancellation acknowledgment which was forwarded to Goshen’s broker.
Plaintiff’s attorney submits an affidavit indicating that the only issue presented is whether Tokio was required to file the requisite notice with the Department of Motor Vehicles (commonly known as a FH-4 form) and required to effectuate a proper cancellation of its policy. Plaintiff submits a letter from the Department of Motor Vehicles which states that Tokio had not filed such a FH-4 with the Department.
MVAIC opposes the motion on the grounds that the notice of cancellation forwarded to the insured failed to give notice of its right to appeal pursuant to the rules of the New York Automobile Insurance Plan. MVAIC admits the language of such appeal notice was contained within the cancellation notice but was not marked with an “X” under the heading “Applicable item marked [X]”.
It is uncontroverted that Tokio issued a policy to Goshen, effective December 31, 1980, under the assigned risk plan. Additionally, Tokio forwarded a notice of cancellation to Goshen on April 14, 1981, with a cancellation date of May 8, 1981. A notice was also forwarded to Goshen’s insurance brokers advising them of the cancellation.
The issue presented is whether the policy of insurance was properly and validly canceled. The first point raised is that the failure to file a FH-4 with the Department of Motor Vehicles is a *961 fatal omission in the process of canceling the policy. While it is true that present Vehicle and Traffic Law § 370 mandates the sending of such notice, the language of section 370 in effect at the time of cancellation made the sending of such notice permissive. That language controlled here. (See, Matter of Liberty Mut. Ins. Co. [Griffin], 122 Misc 2d 310.)
The second issue raised is whether notice of the insured’s right to review the cancellation was properly provided. The rules of the New York Automobile Insurance Plan § 19 (1) require a statement informing the insured of his right to a review of the cancellation upon each notice of cancellation. (See, Daniel v Rivera, 93 AD2d 877, affd 60 NY2d 662.) In the absence of such notice, the purported cancellation is invalid.
The notice of cancellation, copies of which were attached to the moving papers, is a multipurpose form with space for personal information at the top and general purpose paragraphs at the bottom. The form also contains 10 paragraphs, each with a small box next to the individual paragraph, and bearing in the upper left hand portion of the form the legend “(Applicable item marked [x])”.
It is undisputed that the notice of cancellation sent to the insured contained a paragraph with the review language required by section 19 (1). It is equally undisputed that this paragraph was one of those having a blank box for the placement of an “X” in it, and that no “X” was placed within that box.
MVAIC contends that the absence of an “X” in the applicable box next to the paragraph containing the review language invalidates the cancellation. Tokio takes the position that since the “right to review” language was printed on the notice of cancellation it substantially complies with the regulations and the failure to place an “X” in the box should not invalidate the cancellation notice.
This court cannot concur with the position taken by defendant Tokio. The notice of cancellation contains a legend stating “Applicable item marked X”. The implication of that language is that items not marked with an “X” are not applicable to the insured and should be ignored. Thus, the insured is informed it does not have the right to seek any relief found in those paragraphs not marked with an “X”. The failure to mark the paragraphs with an “X” has the same effect as if defendant Tokio had never printed those paragraphs.
The reliance of defendant Tokio upon the recent case of Matter of State Farm Mut. Ins. Co. (Ramos) (104 AD2d 495) is misplaced. The question addressed by the court there was whether *962 the use of the word “appeal” rather than the word “review” would invalidate an otherwise admittedly valid notice of cancellation. The court in deciding that matter held that “Inasmuch as the assigned risk insured was informed * * * Eveready’s cancellation * * * was valid and effective” (supra, p 496; emphasis added). Thus, in State Farm (supra), as well as in the Daniel case (Daniel v Rivera, 93 AD2d 877, affd 60 NY2d 662, supra), and relied on in State Farm (supra), the court held that the standard for determining substantial compliance with the regulations is whether or not the insured was informed of its right to review. Here, the failure to properly mark the notice of cancellation instructed the recipient of the notice to ignore the paragraph containing such notice. Thus, this cancellation notice cannot be said to be in substantial compliance with section 19 (1).
The final point relied upon by defendants that an appeal of a valid cancellation does not act as a stay is correct but inapplicable to the present situation, since this court has invalidated the purported cancellation. Thus, there is no cancellation to review.
Accordingly, the motion for summary judgment dismissing the complaint and cross claim for failure to state a cause of action is denied.