■ SEA INSURANCE COMPANY, LTD., Respondent, v AMOS BRATHWAITE, Respondent, and NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration of an uninsured motorist claim, the New Jersey Manufacturers Insurance Co. appeals from a judgment of the Supreme Court, Queens County (Graci, J.), entered October 16, 1985, which granted the petition on the ground that the offending vehicle was insured by the appellant at the time of the accident.

Judgment affirmed, with costs payable by the appellant to the petitioner-respondent.

The sole issue presented on this appeal is whether the purported cancellation for nonpayment of premiums of an automobile liability insurance policy issued under the New Jersey assigned risk plan was invalid by reason of the insurer's failure to have included in its notice of cancellation a statement advising the insured of the right to appeal.

The parties have not cited any pertinent New Jersey authority, and we have therefore undertaken our own review of the language of the New Jersey assigned risk plan. Section 19 (A) of the plan, which authorizes an insurer to "cancel a policy" at any time for nonpayment of premiums or for revocation or suspension of an insured's driver's license or motor vehicle registration, contains no provision requiring the insurer to inform the insured of his right to appeal such cancellation. Section 19 (B), which authorizes an insurer to give "notice of intent to cancel its policy" during the first 60 days of the original policy period where it has reason to believe that the insured has engaged in certain specified conduct set forth in section 19 (B), expressly provides that the notice of cancellation intent shall specify the date on which cancellation is to be effective and "shall inform the insured that if he believes the cancellation should not be effectuated he may appeal such cancellation to the Committee as provided in Section 19.A".

The argument is made that notification of the right to appeal is only required where the insurer gives notice of intent to cancel under subdivision (B) because there is no corresponding language in subdivision (A) requiring notification of the right to appeal where the insurer cancels a policy for nonpayment of premiums or for suspension or revocation of a license or registration. However, section 19 A of the plan

provides in pertinent part: "Each notice of cancellation or denial of insurance under the provisions of the Plan shall contain or be accompanied by a statement that the insured or applicant has a right of appeal to the Committee". This section established a requirement that every notice of cancellation contain a statement of the insured's right to appeal, regardless of whether cancellation is based upon a ground set forth in section 19 (A) or 19 (B). Thus, Trial Term correctly interpreted the provisions of the New Jersey assigned risk plan to be consistent with the parallel provisions of the New York Automobile Insurance Plan, which requires that each notice of cancellation, regardless of the ground for cancellation, be accompanied by a statement that the insured has a right to a review of the insurer's action (see, Daniel v Rivera, 93 AD2d 877, affd 60 NY2d 662 for the reasons stated in mem at App Div).

Because the insured did not receive the required notice of his right to appeal in this case, thereby invalidating the purported cancellation of his policy, arbitration of the uninsured motorist claim was properly stayed. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.