■ In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Appellant, and HANKA RAPAPORT et al., Respondents. [607 NYS2d 279] —Order, Supreme Court, New York County (Robert E. Whelan, J.), entered March 24, 1993, denying petitioner Liberty Mutual Insurance Company's motion to stay arbitration, unanimously affirmed, with costs.

The trial court properly concluded that additional respondent Cestare's insurance policy had been effectively cancelled

prior to the automobile accident. Petitioner's sole claim on appeal is that the notice of cancellation mailed to Cestare was not effective because it contained an incorrect address for the Governing Committee of the New York Automobile Insurance Plan (the Plan) in violation of section 19 of the Plan's Rules, which provides that a notice of cancellation "shall contain or be accompanied by a statement that the insured * * * has a right to a review * * * by the Committee of the Plan and shall contain the address to which the request for review should be directed". However, petitioner does not dispute the contention of additional respondent Utica Mutual Insurance Company that the Plan "would have kept its current address on file with the United States Post Office and therefore a forwarding order would have been in effect for the duration of one year", thereby ensuring that any request for review mailed by Ms. Cestare would have been properly delivered. In any event, no evidence is presented that Ms. Cestare ever sought to appeal the cancellation. For these reasons, and since Ms. Cestare was clearly advised in the notice of her right to seek review, section 19 of the Plan's Rules was substantially complied with (cf., Matter of State Farm Mut. Auto. Ins. Co. [Ramos—Eveready Ins. Co.], 104 AD2d 495, 496). Concur— Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.