OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The premium finance agency, having fully complied with subdivision 1 of section 576 of the Banking Law in sending the notice of intent to cancel and the subsequent notice of cancellation, was not required to comply with section 313 of the Vehicle and Traffic Law, relating to the provision of an additional time period prior to cancellation by an insurer. The Legislature has indicated that the procedures to be followed in canceling a policy differ for insurers and premium finance agencies, and given the detailed procedures specifically applicable to premium finance agencies, we conclude that it would be inappropriate to require such agencies to comply with all additional procedures imposed upon insurers (see Banking Law, *881 § 576, subd 1, par [e]). Further, we agree with the Appellate Division that the record does not support a finding that the premium finance agency failed to remit excess unearned premiums to the insured. Accordingly, it is unnecessary to determine whether a failure to do so renders the attempted policy cancellation ineffective (see Banking Law, § 576, subd 1, par [f]). Similarly, we do not pass upon the issue reached by the Appellate Division concerning whether failure to file a notice of termination with the Commissioner of Motor Vehicles (see Banking Law, § 576, subd 1, par [g]) invalidates the cancellation inasmuch as appellants have not raised this issue.
Finally, we have reviewed appellants’ contentions concerning defects in the form and content of the premium finance agreement, as well as the claimed unconscionability of the agreement, and conclude that those issues which are properly preserved for our review are without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.