■ LINDA FRIEDMAN et al., Appellants, v ALLCITY INSURANCE COMPANY et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (Allen Murray Myers, J.), entered April 5, 1985, granting summary judgment dismissing the complaint as against defendants Allcity Insurance Co. (Allcity) and American International Credit Corp. (AIC), unan-

imously modified, on the law, to the extent of denying summary judgment in favor of Allcity and reinstating the complaint as against that defendant, and otherwise affirmed, without costs or disbursements.

We agree that the proof adduced on the motions before Special Term was insufficient to determine whether there had been compliance with Banking Law § 576, with respect to the service of the notice of intent to cancel the policy of insurance which had been issued by Allcity to plaintiff. The premium for the policy was financed by AIC, a premium finance company. The statute directs that cancellation shall be effected by the premium finance agency mailing the insured written notice of intent to cancel the insurance contract, which notice shall provide for a 10-day period to cure any default and with an additional period of three days provided where such notice is mailed. The statute further requires that the notice "shall also be mailed to the insurance agent or broker." (Banking Law § 576 [1] [a].)

The present record does not establish whether appropriate notice was sent to the broker or agent or that notice of intent to cancel was timely sent to the insured. The only proof adduced on the motion was the affidavit of the collection manager of the premium finance agency, who had no personal knowledge of the facts. She stated that AIC's "computer-generated log" showed that, "in the normal course", an intent to cancel notice "would have been sent to the insured, the broker, producer of record and insurance company." Here, the insured denied receipt of such notice and no proof was offered that the notice of intent to cancel had been addressed and mailed to the insured, a necessary requisite to application of a presumption of receipt (see, Nassau Ins. Co. v Murray, 46 NY2d 828; Richardson, Evidence § 80 [Prince 10th ed]).

As the Court of Appeals observed in Nassau Ins. Co. (supra, at pp 829-830): "Where, as here, the proof exhibits an office practice and procedure followed by the insurers in the regular course of their business, which shows that the notices of cancellation have been duly addressed and mailed, a presumption arises that those notices have been received by the insured [citations omitted]. Denial of receipt by the insureds, standing alone, is insufficient to rebut the presumption * * * We would hasten to add, however, that in order for the presumption to arise, office practice must be geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed."

In our case, the record fails to establish sufficient proof that

there was an office practice followed here which would give rise to a presumption of receipt. Furthermore, there was no proof that the notice was mailed to the broker, as required. The general statement that such notices are "automatically generated by the computer" is inadequate for that purpose. The denial of receipt by the insured raises a factual issue which must await determination at trial.

Inasmuch as plaintiff has abandoned so much of the appeal as relates to the order dismissing the complaint against the premium finance agency, we affirm the balance of the order which granted summary judgment to American International Credit Corp. Nor does the insurance company have any cognizable claim for breach of any duty by the premium finance agency *(see, Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 53 NY2d 568). Accordingly, the court properly dismissed Allcity's cross claim against AIC. Concur—Sandler, J. P., Asch, Kassal, Rosenberger and Wallach, JJ.