■ JAMES ROTH et al., Respondents, v AETNA LIFE AND CASUALTY INSURANCE COMPANY, Defendant, and ALLSTATE INSURANCE COMPANY, Appellant.—In an action to collect a judgment entered in a personal injury action against the alleged insurers of the judgment debtor, the defendant Allstate Insurance Company appeals, as limited by its brief, from

so much of an order of the Supreme Court, Orange County (Dickinson, J.), dated May 30, 1985, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiffs.

We agree with Special Term that the defendant Allstate Insurance Company (hereinafter Allstate) was not entitled to summary judgment inasmuch as the cancellation notice sent to Allstate's insured failed to state that she had a right to a review of the cancellation by a committee of the Assigned Risk Plan. Under these circumstances, the attempt at cancellation was ineffective (see, Daniel v Rivera, 93 AD2d 877, affd 60 NY2d 662; K & G Feathered Pets v Lo Presti, 100 AD2d 894; Government Employees Ins. Co. v Mizell, 36 AD2d 452). That the notice of cancellation was sent by a premium finance company does not change this result, because, notwithstanding language in a premium finance agreement appointing the finance company as the insured's attorney-in-fact to effect cancellation, the finance company does not act as the insured's agent when it attempts to cancel a policy for nonpayment of a premium (see, Stone v Travelers Ins. Co., 40 Misc 2d 164, 169-170; Felician v State Farm Mut. Ins. Co., 113 Misc 2d 825, 827).

Moreover, Allstate's claim that summary judgment is warranted because it did not receive timely notice of the accident is without merit. The subject policy required that Allstate be notified at "any accident, occurrence or loss * * * as soon as practicable". An injured party is not held to the same standard as an insured with respect to the notification requirements of an insurance policy (see, Hartford Acc. & Indem. Co. v CNA Ins. Cos., 99 AD2d 310, 314; see also, Mason v Allstate Ins. Co., 12 AD2d 138, 147-148). In addition, the plaintiffs alleged a reasonable excuse for their own delay in notifying Allstate of the accident and of their lawsuit against Allstate's insured, to wit, that they were unaware of the subject Allstate policy earlier. Finally, the question of whether an insurer has received timely notice is generally a triable issue of fact (see, Gluck v London & Lancashire Indem. Co., 2 AD2d 751, affd 2 NY2d 953). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.