■ SEA INSURANCE COMPANY, LTD., Appellant, v WILLIAM KOPSKY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated December 15, 1986, which, after a hearing, dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs payable by the respondent Hanover Insurance Company, the petition is granted, and arbitration is permanently stayed.

We find that the respondent Hanover Insurance Company (hereinafter Hanover) failed to sustain its burden of proving that the policy issued on behalf of Luis Martinez, the owner of the offending vehicle, had been validly canceled prior to the date of the accident (see, Federal Ins. Co. v Kimbrough, 116 AD2d 692; Matter of American Sec. Ins. Co. [Novoa], 97 AD2d 541, 542). Hanover alleged that the premium finance agency which had financed the insurance premiums for Martinez had timely canceled the policy following his default in the pay-

ment of premium installments. It was therefore incumbent upon Hanover to prove that the cancellation was in strict compliance with the notification requirements of Banking Law § 576 *(see, Anzalone v State Farm Mut. Ins. Co.,* 92 AD2d 238, 239). Absent proof of actual mailing, the insurer must demonstrate evidence of an office practice designed to insure that the subject notices are always properly addressed and mailed *(Anzalone v State Farm Mut. Ins. Co., supra,* at 239; *see also, Nassau Ins. Co. v Murray,* 46 NY2d 828, 830). Inadequate proof was adduced, however, with respect to the notices of cancellation, and Hanover thus failed to demonstrate that a notice had been mailed to Martinez. The proof was likewise deficient as to the notices of intent to cancel, inasmuch as Hanover did not establish that an employee normally checks the names and addresses on the mailing envelopes against those either on the notices or on the computer printout listing the names of the insureds who have defaulted in payment *(see, Anzalone v State Farm Mut. Ins. Co., supra,* at 240; *cf., Ramos v DeMond,* 127 AD2d 751, 752-753; *Matter of Lumbermens Mut. Cas. Co. v Medina,* 114 AD2d 959, 960-961). Since the proof of mailing was insufficient to establish a valid cancellation, the policy issued by Hanover remained in full force and effect on the date of the accident, and the petitioner must be granted a permanent stay of arbitration. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.