■ AETNA CASUALTY & SURETY COMPANY, Appellant, v KURT PREISIGKE et al., Respondents.—Order unanimously affirmed with costs. Memorandum: Petitioner appeals from an order denying its motion to stay arbitration of the uninsured motorist claim of Kurt Preisigke.

The facts may be briefly stated. Aetna Casualty & Surety Co. insured a vehicle driven by Preisigke. The policy included an uninsured motorist endorsement. On October 27, 1983, Preisigke was injured when the car he was driving collided with a car owned by Karen Zakrzewski. The Zakrzewski vehicle had been insured by respondent Liberty Mutual Insurance Co. under the New York Assigned Risk Plan and the policy was financed by Keller Associates, Inc., a premium finance agency. On July 5, 1983, Zakrzewski failed to make a premium payment which was due (she had only made one previous payment under the finance contract), whereupon Keller forwarded a notice of intent to cancel the policy for nonpayment on July 13, 1983 (Banking Law § 576 [1] [a]). On August 2, 1983 Keller forwarded to Zakrzewski a notice of

cancellation of the policy effective August 6, 1983 (Banking Law § 576 [1] [d]).

A hearing was conducted at which Keller's office manager, a long-time employee of Keller testified that she was familiar with the general business practices and office procedures of the company in dealing with cancellations. She testified that delinquent accounts are computer generated and described the method used by the office to mail notices of intent to cancel and notices of cancellation which were sent to the insured. Copies of these notices were also sent to the insurance agent and to the insurer.

The court found that the Liberty Mutual policy had been effectively canceled pursuant to Banking Law § 576, denied Aetna's motion to stay arbitration, and ordered Aetna to proceed to arbitration on the uninsured motorist claim. We agree.

For the first time, on appeal, Aetna concedes that the insured was properly notified of the cancellation of the insurance policy, but argues that Keller failed to prove that it notified the insurer, Liberty Mutual, of the cancellation. This issue was not raised at Special Term and is unpreserved for appeal. This argument must be rejected, in any event. Keller's office manager testified to the practice of sending notices of cancellation, which we find sufficient to meet the burden imposed upon the finance agency (see, Nassau Ins. Co. v Murray, 46 NY2d 828, 829). The record further reveals that soon after the cancellation notices were sent, Liberty Mutual returned to Keller the prorated premium Keller had advanced to it on the insured's behalf.

Also raised for the first time on appeal is Aetna's contention that the cancellation herein was a nullity because the notice failed to include the New York Automobile Insurance Plan (NYAIP) required warning that "the insured * * * has a right to a review of such action [cancellation of assigned risk policy] by the Committee of the Plan." The short answer to this unpreserved argument is that NYAIP regulations apply only when an insurer is canceling the policy of someone in the Assigned Risk Program. Keller is not an insurer and "[t]he Legislature has indicated that the procedures to be followed in canceling a policy differ for insurers and premium finance agencies, and given the detailed procedures specifically applicable to premium finance agencies, we conclude that it would be inappropriate to require such agencies to comply with all additional procedures imposed upon insurers" (Ward v Gres-

*ham,* 59 NY2d 878, 880). To the extent that the Second Department has decided to the contrary in *Roth v Aetna Life & Cas. Ins. Co.* (128 AD2d 514, 515), we decline to follow it.

Finally, we note that the insured did not claim that she was not notified of the cancellation of her insurance. The cancellation took place almost three months before the accident, so she had sufficient opportunity to procure alternative coverage *(see, Allstate Ins. Co. v MVAIC,* 115 AD2d 264). (Appeal from order of Supreme Court, Erie County, Joslin, J.—arbitration.) Present.—Doerr, J. P., Denman, Boomer, Green and Lawton, JJ.