■ **L.Z.R. RAPHAELY GALLERIES, INC.**, Appellant, v **LUMBERMENS MUTUAL CASUALTY** Co. et al., Respondents, et al., Defendants. [595 NYS2d 802] —In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Williams, J.), dated November 7, 1990, which granted the respondents' motions for summary judgment dismissing the complaint insofar as it is asserted against them, and denied the plaintiff's cross motion for partial summary judgment dismissing the third and fourth affirmative defenses of the English Insurance Companies.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the respondents' motions for summary judgment are denied, the plaintiff's cross motion is granted, the third and fourth affirmative defenses of the English Insurance Companies are dismissed, and upon searching the record, the third and sixth affirmative defenses of the defendant Lumbermens Mutual Casualty Company are dismissed.

The defendant insurance carriers issued certain liability policies to the plaintiff, which the plaintiff had financed through defendant Transamercia Insurance Finance Corporation (hereinafter Tifco), a so-called "premium finance agency". Pursuant to the premium finance agreement, Tifco was responsible for sending cancellation notices to both the carrier and to the plaintiff *(see,* Banking Law § 576).

After the plaintiff failed to pay premiums due and owing, Tifco mailed notices of "intent to cancel" the policies, and, when no payment was forthcoming, a final "notice of cancellation" to the plaintiff pursuant to Banking Law § 576. Shortly after the notices of cancellation were sent, the plaintiff allegedly sustained a covered loss and made a claim, which the respondents denied on the ground that the policies had previously been canceled. The plaintiffs then commenced the instant action alleging, *inter alia,* that the cancellation of the policies was ineffective and wrongful.

The respondents separately moved for summary judgment dismissing the complaint insofar as it is asserted against them on the ground that the policies had, in fact, been properly canceled. The plaintiff opposed the motion by arguing, *inter alia,* that the respondents had failed to establish that the

notices of cancellation had been properly mailed. In support of the application, and with respect to the issue of mailing, the respondents submitted the affidavit of Ronald Holmes, a regional director of Tifco.

Mr. Holmes stated with respect to Tifco's office mailing procedures that, upon "information and belief", the notices of "intent to cancel" were generated, placed in an envelope, and deposited in containers by computer process without human intervention. The sealed notices were then removed by Tifco employees and taken to the post office. The final notices of cancellation were also computer-generated, although only in part, since Mr. Holmes' affidavit indicated that these notices were inserted into the envelopes by employees and not by an automated process. There was no affidavit, however, from an employee at the actual mailing location who could attest first-hand to the methods and procedures used by Tifco in processing and mailing the notices.

The Supreme Court concluded, *inter alia,* that the procedures described by Mr. Holmes were sufficient to establish an ordinary course of business giving rise to a presumption of proper mailing which the plaintiff had failed to rebut. Accordingly, the court granted the respondents' motions and dismissed the complaint insofar as it is asserted against them. We reverse.

The respondents bear the burden of establishing strict compliance with the notification requirements of Banking Law § 576 *(see, Savino v Merchants Mut. Ins. Co.,* 44 NY2d 625; *Sea Ins. Co. v Kopsky,* 137 AD2d 804, 805; *Anzalone v State Farm Mut. Ins. Co.,* 92 AD2d 238). Here, the proof adduced by the respondents was insufficient to establish an ordinary course of business with respect to the proper mailing of the notices in question. We have observed that "[a]bsent proof of actual mailing, the insurer must demonstrate evidence of an office practice designed to insure that the subject notices are always properly addressed and mailed" *(Sea Ins. Co. v Kopsky, supra,* at 805, citing *Anzalone v State Farm Mut. Ins. Co., supra,* at 239; *see also, Nassau Ins. Co. v Murray,* 46 NY2d 828, 830; *see also, Lumbermens Mut. Cas. Co. v Comparato,* 151 AD2d 265). At bar, the only evidence produced with respect to the mailing procedures used by Tifco was the affidavit of Mr. Holmes, an employee whose statements with respect to the mailing procedures utilized were premised largely upon "information and belief". There was no affidavit from an employee at the actual mailing location who could attest first-hand to the methods and procedures utilized by Tifco in order to ensure that the

notices are "always properly addressed and mailed" *(Sea Ins. Co. v Kopsky, supra,* at 805). Specifically, the respondents failed to offer proof that an employee normally checked the names and addresses on the mailing envelopes against those either on the notices or on a master list of insureds who had defaulted in payment *(see, Sea Ins. Co. v Kopsky, supra,* at 805; *Anzalone v State Farm Mut. Ins. Co., supra; see also, Lumbermens Mut. Cas. Co. v Comparato, supra).*

Under the circumstances, the respondents' proof was insufficient to establish that the notices had been properly mailed, thereby requiring reversal of the order appealed from, and dismissal of the respondents' affirmative defenses based upon the assertion that the polices were canceled.

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.