■ PARKSIDE FOOD CENTER, INC., Appellant-Respondent, v UNITED INTERNATIONAL INSURANCE COMPANY,, Respondent-Appellant. [597 NYS2d 467] —In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Golden, J.), dated February 26, 1991, as denied its motion for summary judg-

ment, and the defendant cross-appeals from so much of the order as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for a calculation of damages and entry of an appropriate judgment; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The main issue on appeal is whether there was strict compliance with Banking Law § 576, which requires that notice of intent to cancel insurance by the premium finance agency be mailed to the insured's last known address at least 13 days before the date of cancellation. The statute further provides that "[s]ervice of the notice of intent to cancel * * * by mail shall be effective provided that the notice * * * [is] mailed to the insured's last known address as shown on the records of the premium finance agency. The records of the premium finance agency shall be presumptive evidence as to correctness of such address" (Banking Law § 576 [1] [b]).

In the case at bar, the defendant has failed to demonstrate that the notice of intent to cancel was mailed to the plaintiff's last known address. We find that the defendant failed to offer any proof that an employee of the premium finance agency normally checked the names and addresses on the envelopes with those on either the notices of intent to cancel or with a master list in the regular course of business. Under these circumstances, the defendant has not established strict compliance with the Banking Law and the plaintiff is entitled to summary judgment (see, L.Z.R. Raphaely Galleries v Lumbermens Mut. Cas. Co., 191 AD2d 680; Nassau Ins. Co. v Murray, 46 NY2d 828, 830; Sea Ins. Co. v Kopsky, 137 AD2d 804, 805; Lumbermens Mut. Cas. Co. v Comparato, 151 AD2d 265, 267; Felician v State Farm Mut. Ins. Co., 113 Misc 2d 825, 829).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.