■ In the Matter of STATE-WIDE INSURANCE COMPANY, Appellant, v ARNETA SIMMONS et al., Respondents. [608 NYS2d 274] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner, State-Wide Insurance Company, appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated September 20, 1991, which, after a hearing, vacated the temporary stay of arbitration and, in effect, denied the application.

Ordered that the order is affirmed, with costs to the respondent Aetna Casualty & Surety Company.

The respondent Aetna Insurance Company (hereinafter Aetna) insured George Grier prior to an automobile accident which took place on December 27, 1987, and in which the respondents Arneta and Al Simmons were injured. Thereafter, Aetna alleged that it had cancelled Grier's coverage on December 18, 1987, due to the nonpayment of his insurance premium. The Simmonses then sought uninsured benefits from their carrier, State-Wide Insurance Company (hereinafter State-Wide).

State-Wide moved for a permanent stay of arbitration alleging that Aetna did not effectively cancel Grier's coverage. A temporary stay of arbitration was granted pending a preliminary hearing on the issue of whether there was a valid cancellation of insurance coverage by Aetna.

At the hearing, the manager of Aetna's underwriting unit produced a specimen cancellation notice typical of the type used by Aetna, a microfiche of the cancellation notice allegedly sent to Grier, and a certificate of mailing which was not endorsed by the post office. In addition, the manager of the underwriting unit testified that, when cancellation notices are sent by Aetna, they are mechanically placed into windowed envelopes. The envelopes are taken to the post office by an Aetna employee, who compares the names on the envelopes with the names on Aetna's master list of cancellations in order to ensure that the notices are sent to the proper parties.

The Supreme Court vacated the temporary stay of arbitration. It found that the production of the microfiche copy of the cancellation notice allegedly sent to Grier together with the testimony of the manager of Aetna's underwriting unit with respect to the processing and mailing of its cancellation notices indicated that a notice was timely sent. We agree.

It is well settled that when the record indicates an established and regularly followed office procedure designed to insure that notices of cancellation are properly addressed and mailed, a rebuttable presumption arises that such notices were received (see, Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830; see also, Lumbermens Mut. Cas. Co. v Comparato, 151 AD2d 265; Sea Ins. Co. v Kopsky, 137 AD2d 804; Anzalone v State Farm Mut. Ins. Co., 92 AD2d 238). In addition, when reliance is placed on a mailing sheet, testimony that an employee normally checks the names and addresses on the envelopes with those on the mailing sheet is sufficient to constitute proof of mailing (see, e.g., Bullock v Hanover Ins. Co., 144 AD2d 416; Sea Ins. Co. v Kopsky, supra, at 805; Matter of Lumbermens Mut. Cas. Co. v Medina, 114 AD2d 959, 960-961; Anzalone v State Farm, supra, at 240). Accordingly, the testimony of the manager of Aetna's underwriting unit, which described the procedure followed in addressing and mailing the notices of cancellation, was sufficient to create a presumption of proper mailing. Since State Farm did not rebut this presumption, it may not prevail (see, Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029; see also, Matter of American Sec. Ins. Co. [Novoa], 97 AD2d 541; Matter of Eagle Ins. Co. v Olephant, 81 AD2d 886; Matter of Safeco Ins. Co. v Royal Globe Ins. Cos., 67 AD2d 979). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.