■ 1395 SECOND AVENUE RESTAURANT, INC., Doing Business as FU'S RESTAURANT, Respondent, v ALL CITY INSURANCE COMPANY, Appellant, and SUPREME CREDIT CORPORATION, Respondent. [615 NYS2d 358] —Order, Supreme Court, New York

County (Edward J. Greenfield, J.), entered October 27, 1993, to the extent it denied defendant All City Insurance Company's motion to renew, unanimously reversed, on the law, the motion is granted, and the prior order of the same court and Justice, entered March 17, 1993, is modified to the extent of denying plaintiff's motion therein for partial summary judgment, and otherwise affirmed, without costs.

Plaintiff suffered fire damage at its commercial premises in November 1990, and brought this action against the insurer and the premium finance agency for some $58,000 due under a commercial risk insurance policy, plus $2 million in exemplary damages for failure to accept the claim. Defendant All City denied coverage, asserting that its policy had been cancelled almost three months earlier, on September 6, 1990, due to nonpayment of premiums.

On motion for partial summary judgment, plaintiff argued that the cancellation notice, dated August 30, 1990, was defective in that it failed to give sufficiently timely notice as required under Banking Law § 576, so as to afford appropriate opportunity to cure the delinquency. All City cross-moved for summary judgment, arguing that the August 30 notice was merely a second notice; that the agent's first notice, dated August 21, 1990, was indeed timely for a September 6 cancellation. But plaintiff denied receipt of either notice. The only proof of service was a reference in All City's attorney's affidavit to the effect that the insurance agent had "duly cancelled" the policy upon proper notice. In the absence of appropriate evidence that final notice had actually been addressed and mailed to plaintiff in a proper and timely manner, the IAS Court denied All City's cross motion and granted plaintiff summary judgment on the damage causes of action.

An insurer must establish strict compliance with section 576 in notifying its insured of intent to cancel a policy (*L.Z.R. Raphaely Galleries v Lumbermens Mut. Cas. Co.*, 191 AD2d 680, 681). This appeal is from denial of the latest of a series of renewal motions by All City, wherein the insurer submitted what was described as newly discovered documentary evidence of timely notice to plaintiff of the intent to cancel the policy. The IAS Court's disposition was based upon the fact that this newly presented evidence—two pages of ledger entries supposedly logging the outgoing mail on August 21, 1990—was in existence at the time of the initial hearing of the matter, and thus was not appropriate material for renewal. Furthermore, the ledger pages listed names and addresses for items mailed,

but reflected neither date of mailing nor subject matter of the contents.

The IAS Court cited our decision in *Friedman v Allcity Ins. Co.* (118 AD2d 517) for the proposition that the record failed to establish appropriate notice by the insurer to the broker/agent as well as to the insured. In *Friedman* the only proof offered on the summary judgment motion by the insurer was an affidavit of the premium finance agency's collection manager as to the way mailings were handled in the normal course; there was no personal knowledge of the mailing of the notice in this particular case. Here, the supporting affidavit on the renewal motion is by the president of the premium finance agency, who offers his ledger sheets, *inter alia,* as proof of his mailing of the notice to plaintiff on August 21, 1990, in confirmation of his certification of mailing on the "file copy" of the August 21 notice of intent to cancel. Here, as in *Friedman,* the insured denied receipt of the purported mailing. But the holding in *Friedman* was that despite the lack of sufficient proof of an office practice that would give rise to a presumption of receipt, and despite lack of proof that the notice was mailed to the broker, as required by the statute, the insured's denial of receipt simply raised a factual issue which must await determination at trial. Accordingly, the issue of sufficient notice is no more suited to summary disposition in plaintiff's favor here than it was in the insurer's favor in *Friedman.* Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.