PATRICK FOSTER, Respondent, v RAYMOND B. ABRAMS et al., Defendants, GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, and EAGLE INSURANCE COMPANY, Appellant. (Appeal No. 1.) [662 NYS2d 899] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiff was involved in an automobile accident with a vehicle registered to defendant Curtis E. Vance. Vance's vehicle was insured by defendant Government Employees Insurance Company (GEICO) and the insurance premium was financed by Ardent Premium Plan, Inc. (Ardent); plaintiff's vehicle was insured by defendant Eagle Insurance Company (Eagle). The issue is whether a notice of cancellation issued by Ardent, acting with power of attorney pursuant to the Banking Law, was effective. Supreme Court, relying on *Ward v Gresham* (59 NY2d 878) and *Barile v Kavanaugh* (67 NY2d 392), held that it was. That was error.

Section 576 (1) of the Banking Law provides the requirements for the cancellation of an insurance contract by a premium finance agency. There is no question that Ardent complied with paragraphs (a) and (b) of that subdivision; the issue is whether strict compliance with paragraph (c) was required. That paragraph provides that every notice: "shall include in type or print, of which the face shall not be smaller than twelve point, a statement that proof of financial security is required to be maintained continuously throughout the registration period *and a notice prescribed by the commissioner of motor vehicles indicating the punitive effects of failure to maintain continuous proof of financial security and actions which may be taken by the insured to avoid punitive effects*" (Banking Law § 576 [1] [c] [emphasis supplied]).

The notice prescribed by the Commissioner of Motor Vehicles is found at 15 NYCRR 34.6 (a) and (b). Subdivision (a) is not at issue here; subdivision (b) provides that the following warning must accompany each notice of termination of an insurance policy for a vehicle other than a motorcycle: "If you have a lapse in insurance coverage of 90 days or less, the law permits you to avoid a suspension of your registration by the payment of a civil penalty of six dollars for each day or any portion thereof up to 90 days for which your insurance coverage was not in effect. This grace provision applies only once during any 36-month period."

The regulation further provides that the warning notice

required in subdivisions (a) and (b) "shall also be required on any notice of intent to cancel or notice of cancellation sent to an insured by a premium finance agency pursuant to section 576 of the Banking Law" (15 NYCRR 34.6 [e]).

There is no question that the notice sent by Ardent did not comply strictly with the regulation because it provided that the insured could avoid a suspension of registration by the payment of a civil penalty of $4 per day, not $6 as required by the regulation. In *Matter of Travelers Indem. Co. v Kammer* (72 AD2d 817, 818, *affd* 51 NY2d 792), the Court held that premium finance agencies must comply strictly with the type of face requirements in the notice. That case, as well as the regulation (*see*, 15 NYCRR 34.6 [e]), supports Eagle's position that a premium finance agency must comply strictly with all of the requirements of Banking Law § 576, including those incorporated by reference.

The cases cited by the Court are inapposite. In *Ward v Gresham* (*supra*, at 880), the Court held that the premium finance agency "had fully complied" with the mailing requirements of Banking Law § 576 and "was not required to comply with section 313 of the Vehicle and Traffic Law, relating to the provision of an additional time period prior to cancellation by an insurer." *Ward* stands for the proposition that, as long as a premium finance agency complies with the requirements of the Banking Law, additional requirements found in the Vehicle and Traffic Law will not be imposed on the premium finance agency. Here, the issue is whether the premium finance agency complied fully and strictly with the requirements of the Banking Law, and we hold that it did not. Other cases that stand for the proposition that insurance companies must comply strictly with the requirements of the Insurance Law, which adopt the requirements of Vehicle and Traffic Law § 313 and the regulations promulgated thereunder at 15 NYCRR 34.6, are not relevant (*see, Barile v Kavanaugh, supra; Allstate Ins. Co. v Satchell*, 225 AD2d 374); this case involves compliance of a premium finance agency with the requirements of the Banking Law. Thus, we modify the judgment by granting the motion of Eagle for summary judgment and granting judgment in favor of Eagle declaring that plaintiff is not entitled to proceed under the uninsured motorist endorsement of the automobile insurance policy issued by Eagle and by denying the cross motion of GEICO for summary judgment and vacating the declaration made in its favor. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Reargument.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.