■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v MANUEL LUCERO et al., Appellants. LUMBERMENS MUTUAL CASUALTY COMPANY et al., Proposed Additional Respondents. [716 NYS2d 317] —In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated October 4, 1999, which granted the petition and stayed the arbitration, and (2) an order of the same court dated December 1, 1999, which denied the appellants' motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated December 1, 1999, is dismissed; and it is further,

Ordered that the order dated October 4, 1999, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The appellants' motion, denominated as one for leave to

renew their opposition to the petition for a stay of arbitration, which was based on supposedly new facts, did not include proof of any "reasonable justification for the failure to present such facts on the prior [application]" (CPLR 2221 [e] [3]). The motion was, therefore, in effect for leave to reargue, the denial of which is not appealable (*see,* CPLR 5701 [a] [2] [viii]; *Sallusti v Jones,* 273 AD2d 293; *Nisnewitz v Renna,* 273 AD2d 210; *McCorvey v Schoulder,* 273 AD2d 207; *Bossio v Fiorillo,* 222 AD2d 476; *Vaynshteyn v Cohen,* 266 AD2d 280; *Citibank v Olson,* 204 AD2d 381).

There is an issue of fact as to whether the cancellation of insurance on the offending vehicle was invalid due to noncompliance with Banking Law § 576 (*see, 1395 Second Ave. Rest. v All City Ins. Co.,* 207 AD2d 271; *Parkside Food Ctr. v United Intl. Ins. Co.,* 193 AD2d 658; *L.Z.R. Raphaely Galleries v Lumbermens Mut. Cas. Co.,* 191 AD2d 680). The issue of whether the insurance was validly cancelled before the date of the accident cannot be properly litigated without the joinder of Lumbermen's Mutual Casualty Company, the alleged insurer of the offending vehicle. A hearing must therefore be held, preceded by an order joining the alleged insurer of the offending vehicle as well as the owner and driver of that vehicle, as additional parties (*see, Matter of New York Cent. Mut. Fire Ins. Co. v Paillant,* 269 AD2d 451; *Matter of Liberty Mut. Ins. Co. v Bohl,* 262 AD2d 645). Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.