■ In the Matter of ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Appellant, v KIMBERLY WHITE et al., Respondents. [750 NYS2d 641] —In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered December 27, 2001, which, after a framed issue hearing on the issue of whether Allstate Insurance Company validly canceled its policy covering the vehicle which struck the vehicle insured by the petitioner, determined that that policy was validly canceled and directed the parties to proceed to arbitration.

Ordered that the judgment is affirmed, with one bill of costs.

The insurance policy in issue was procured by the insured pursuant to the New York Automobile Insurance Plan through the services of a premium finance agency, which for reasons not in the record, failed to finance the full amount of the premium due and owing. The insurance carrier Allstate Insurance Company (hereinafter Allstate) canceled the policy for nonpayment of premiums, following the procedure set forth in Vehicle and Traffic Law § 313 (1). The appellant contends that the cancellation was not effective on the ground that Allstate failed to follow the procedure set forth in Banking Law § 576 (1) and failed to comply with the rules of the New York Automobile Insurance Plan.

The law is well settled that, where premiums are financed

through a premium finance agency and the premium finance agency sends out cancellation notices, failure to comply with Banking Law § 576 (1) is fatal (*see Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427; *Johnson v General Mut. Ins. Co.*, 24 NY2d 42; *Foster v Abrams*, 242 AD2d 952; *1395 Second Ave. Rest. v All City Ins. Co.*, 207 AD2d 271; *Parkside Food Ctr. v United Intl. Ins. Co.*, 193 AD2d 658; *L.Z.R. Raphaely Galleries v Lumbermens Mut. Cas. Co.,*, 191 AD2d 680; *Sea Ins. Co. v Kopsky*, 137 AD2d 804; *Anzalone v State Farm Mut. Ins. Co.*, 92 AD2d 238; *Nationwide Mut. Ins. Co. v Zmorzenski*, 90 AD2d 726). Banking Law § 576 (2) describes the provisions of Banking Law § 576 (1) as the "provisions * * * relating to cancellation by a premium finance agency." When a premium finance agency cancels an insurance contract, it acts as the agent of the insured pursuant to a standard provision of such financing contracts which appoints the premium finance agency as the insured's attorney in fact (*see Gordon v Nationwide Mut. Ins. Co., supra* at 434; *Home Mut. Ins. Co. v Broadway Bank & Trust Co.*, 76 AD2d 24, 27, *affd* 53 NY2d 568).

In the instant case, Allstate did not act as agent of the insured. Rather, it canceled the policy in its own behalf, following the procedures set forth in Vehicle and Traffic Law § 313 applicable to "cancellation by the insurer" (Vehicle and Traffic Law § 313 [1]).

Since there are separate statutory schemes relating to cancellation by a premium finance agency on behalf of the insured on one hand, and cancellation by the insurance carrier on the other, "the two statutory schemes are complementary rather than in conflict and must be construed harmoniously" (*Auger v Gionti Agency*, 218 NJ Super 360, 368, 527 A2d 928, 932; *see Chamberlain v Employers' Liab. Assur. Corp.*, 289 Mass 412, 194 NE 310). Accordingly, the cancellation provisions applicable to insurance carriers do not apply to cancellation by the premium finance agency acting on behalf of the insured (*see Auger v Gioti Agency, supra*; *Chamberlain v Employers' Liab. Assur. Corp., supra*).

In this state, the Legislature has specifically provided that Vehicle and Traffic Law § 313, which is applicable to cancellation by insurance carriers, "shall not be applicable to cancellation of insurance by a premium finance agency under" Banking Law § 576 (*see* Banking Law § 576 [1] [e]). In *Ward v Gresham* (59 NY2d 878, 880), the Court of Appeals held that a premium finance agency which complied with Banking Law § 576 but failed to comply with Vehicle and Traffic Law § 313 validly canceled an insurance policy, on the ground that: "The

Legislature has indicated that the procedures to be followed in canceling a policy differ for insurers and premium finance agencies."

The fact that the cancellation provisions applicable to insurance carriers do not apply to cancellation by the premium finance agency acting on behalf of the insured and vice versa are apparent from the rules of the New York Automobile Insurance Plan. The rules specifically provide that "[a]n insurer which has issued a policy or binder under this Plan shall have the right to cancel the entire insurance policy by giving notice in accordance with [Vehicle and Traffic Law] § 313" (Rules of the New York Automobile Insurance Plan § 18 [2]). Since the cancellation in issue was effected by the insurance carrier, Vehicle and Traffic Law § 313, not Banking Law § 576 (1), is applicable.

The appellant's remaining contentions are either without merit or not properly before this Court (*see Coppola v Coppola,* 291 AD2d 477). Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.