■ NEIL KERMAN, Respondent, v MARTIN FRIEDMAN, C.P.A., P.C., et al., Appellants. [773 NYS2d 899]—In an action to recover damages for accounting malpractice, the defendants appeal from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated March 4, 2003, as treated the plaintiff's motion for leave to reargue as one for leave to renew, and, upon renewal, vacated a prior order of the same court dated July 16, 2002, granting their motion to dismiss the complaint pursuant

to CPLR 3211 (a) (5) and as granted their motion to dismiss the complaint only to the extent of dismissing the claim for punitive damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's motion was properly denominated as one for leave to reargue, even though the Supreme Court stated that the "motion should have been denominated as [one] to renew" (*Jandru Mats v Riteway AV Corp.,* 1 AD3d 565 [2003]; *see EMC Mtge. Corp. v Stewart,* 2 AD3d 772 [2003]; *Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw,* 304 AD2d 668 [2003]; *Matter of Eagle Ins. Co. v Lucero,* 276 AD2d 695 [2000]). In any event, the Supreme Court properly reinstated the complaint except for the claim for punitive damages since there are questions of fact regarding the issues of the threshold statute of limitations and the continuous representation doctrine (*see Hale House Ctr. v Lee & Co.,* 308 AD2d 390 [2003]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.