■ AUBREE KATIE TIETJEM et al., Plaintiffs, v JUDY YU CHUAN CHA et al., Defendants and Third-Party Plaintiffs-Respondents. CENTURION INSURANCE COMPANY, Third-Party Defendant-Appellant. [806 NYS2d 600]—

In an action to recover damages for personal injuries, in which the defendant third-party plaintiff sought a declaration that the third-party defendant was obligated to provide coverage, the third-party defendant appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated October 28, 2004, as, in effect, denied that branch of its motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the third-party complaint is granted to the extent that the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the third-party defendant is not obligated to provide coverage in the main action to recover damages for personal injuries, and that branch of the motion is otherwise denied.

In the main action to recover damages for personal injuries,

the infant plaintiff alleges that she was injured on January 31, 1997, on the defendants' property. Centurion Insurance Company (hereinafter Centurion), the defendants' property insurer carrier, refused to defend and indemnify them on the ground that the subject policy had been cancelled before the accident date. The defendants then commenced a third-party action against Centurion seeking, inter alia, a declaration that it was obligated to provide coverage. Centurion moved for summary judgment dismissing the third-party complaint or, to sever the third-party action from the main action. The Supreme Court granted the motion to the extent of severing the third-party action.

Centurion was entitled to a declaration in its favor on the third-party complaint. In support of its motion, Centurion submitted proof that it cancelled the defendants' insurance policy effective September 19, 1996 (more than four months before the accident date), and that it mailed notice of the cancellation to the defendants in August 1996. This proof entitled Centurion to a rebuttable presumption that the notice of cancellation was duly received by the defendants (*see Matter of State-Wide Ins. Co. v Simmons*, 201 AD2d 655 [1994]). In opposition to the motion, the defendants did not deny receipt of the cancellation notice or otherwise raise a triable issue of fact sufficient to defeat Centurion's prima facie showing of entitlement to judgment as a matter of law. Accordingly, that branch of Centurion's motion which was for summary judgment should have been granted (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

We further note that, under the circumstances of this case, that branch of Centurion's motion which sought summary judgment was not untimely pursuant to CPLR 3212 (a). H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.