■ In the Matter of AIU INSURANCE COMPANY, Respondent, v MARTIN RODRIGUEZ et al., Respondents, and CLARENDON NATIONAL INSURANCE COMPANY, Appellant. [842 NYS2d 502]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Clarendon National Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Rios, J.), entered May 26, 2006, which, inter alia, after a hearing, granted the petition and, in effect, permanently stayed the arbitration.

Ordered that the order and judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Additional respondent Stanley Greene procured an assigned risk automobile insurance policy issued pursuant to the rules of the New York Automobile Insurance Plan (hereinafter NYAIP) from the additional respondent Clarendon National Insurance Company (hereinafter Clarendon). Greene financed the premiums by entering into a premium finance agreement with Arizona Premium Finance Co. (hereinafter Arizona Premium), a premium finance agency. The agreement contained a power of attorney which authorized Arizona Premium to cancel the policy in the event that Greene defaulted on the payments he was required to make under the agreement (see Banking Law § 576 [1]).

Arizona Premium sent Greene an "Intent To Cancel Notice" on September 6, 2003, by which it notified him that the Clarendon policy would be cancelled unless Arizona Premium received the past-due amount by September 21, 2003 (15 days later). In a "Notice of Cancellation," Arizona Premium advised Greene that it had cancelled the Clarendon policy effective September 23, 2003, pursuant to the power of attorney for his default under the premium finance agreement. On December 20, 2003 Greene was driving his vehicle when it struck an automobile driven by the respondent Martin Rodriguez, in which the respondents Lissa M. Arias and Rossy Arias were passengers. Thereafter, the respondents demanded uninsured motorist arbitration with the petitioner, AIU Insurance Company (hereinafter AIU), the insurer of the Rodriguez vehicle. AIU then commenced the instant proceeding, inter alia, to permanently stay arbitration on the ground that the notice of cancellation was ineffective because Arizona Premium failed to advise Greene that he had a right to an administrative review

of the cancellation under the rules of the NYAIP. After a framed-issue hearing, the Supreme Court found that Arizona Premium's failure to include right of review language rendered the cancellation ineffective, inter alia, granted the petition, and, in effect, permanently stayed the arbitration. We reverse.

Clarendon demonstrated that Arizona Premium properly cancelled the policy of insurance issued to Greene by complying with the requirements of Banking Law § 576, by which an insurance premium finance agency may cancel a policy for the insured's default. At the time Arizona Premium cancelled Greene's assigned risk policy pursuant to the power of attorney, there was no statute or NYAIP rule that required Arizona Premium to notify Greene of a right to review of the cancellation (*see Matter of Government Empls. Ins. Co. v Lopez*, 44 AD3d 256 [2007]; *see also Ward v Gresham*, 59 NY2d 878 [1983]; *Aetna Cas. & Sur. Co. v Preisigke*, 139 AD2d 900 [1988]).

AIU's argument that the cancellation was ineffective for Arizona Premium's failure to provide notice to Greene's insurance agent is not properly before this Court as it is raised for the first time on appeal. Contrary to AIU's contention, the issue does not involve a pure question of law which appears on the face of the record (*see Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]; *cf. Block v Magee*, 146 AD2d 730 [1989]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.