Order, Supreme Court, New York County (Anil C. Singh, J.), entered July 12, 2012, which, inter alia, granted defendants’ motions to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff claims to have sustained a loss which it alleged would have been covered under an insurance policy issued by defendant Lexington Insurance Company (Lexington), which was cancelled prior to the date of loss. The policy was cancelled after plaintiff failed to pay its monthly premium pursuant to a premium financing agreement.
The policy issued by Lexington was cancelled in accordance with the request of the premium finance company defendant Premium Financing Specialists Corp. (PFS), acting as the agent of the insured pursuant to a standard provision of such financing contracts that appoints the premium finance agency as the insured’s attorney-in-fact (see Matter of ELRAC, Inc. v White, 299 AD2d 546, 547 [2d Dept 2002]; see also Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427, 434 [1972], cert denied 410 US 931 [1973]). Banking Law § 576 (1) (a) and (b) set forth the requirements that a premium finance agency must follow to cancel a borrower’s policy upon default, and it is undisputed that these procedures were followed in this matter.
Plaintiff nonetheless asserts that both Lexington and its broker, defendant International Jewelers Underwriters Agency Ltd. (International), should have “called upon” PFS to see that the policy remained in effect by drawing down the necessary sums *461 for premiums. However, insurance brokers have “no continuing duty to advise, guide, or direct a client to obtain additional coverage” (see Murphy v Kuhn, 90 NY2d 266, 273 [1997]), and the premium finance agreement at issue imposes no express requirement on either the insurer or the broker to do so.
Plaintiffs allegation that, subsequent to its loss, it was told by a representative of International that the policy was in effect at the time of the loss and that there was coverage does not state any cause of action. Assuming that plaintiff is asserting a claim for negligent misrepresentation, plaintiff is unable to establish reliance upon such a statement and that the reliance was justified (see Rotanelli v Madden, 172 AD2d 815, 816-817 [2d Dept 1991], lv denied 79 NY2d 754 [1992]). Here, the only proximate cause of plaintiffs damages was the failure to pay the monthly premiums as required.
PFS’s “power of attorney” under the premium financing agreement is a limited power conveyed to the premium finance lender to cancel the insurance which it financed. Contrary to plaintiffs assertion, the premium finance agreement did not authorize PFS to withdraw funds to keep coverage in force. Nor did the document that plaintiff attached to its answering papers, a payment letter dated December 29, 2010, which specified only that plaintiff authorized one payment to PFS, via transfer, authorize continued, future payments. That transfer took place on December 29, 2010 (after cancellation of the financed insurance had already been effected), and PFS’s request for reinstatement of coverage was declined by the insurer on January 26, 2011. Concur — Andrias, J.E, Acosta, Saxe, Renwick and ManzanetDaniels, JJ.