■ ROSA JOSEPH, Appellant, v GERARD DIEUDONNE, Respondent. [1 NYS3d 250]——

In an action for the partition of real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Fusco, J.), entered November 7, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is the daughter of Marie Dieudonne, née Pyram (hereinafter Marie Pyram). Marie Pyram was married to the plaintiff's father, Ramyre Wilfrid Joseph, on April 19, 1960, in Port-au-Prince, Haiti. Thereafter, Marie Pyram entered the United States with a Haitian passport dated August 10, 1970, stating that she was divorced. On July 13, 1979, she married the defendant Gerard Dieudonne in Brooklyn, New York. By deed dated September 18, 1980, Marie Pyram and the defendant purportedly took title to the subject residential property as tenants by the entirety, based on language in the deed stating that the property was conveyed to "Gerard Dieudonne and Marie Dieudonne, his wife."

In February 2010, Marie Pyram died intestate. In January 2012, the plaintiff commenced the instant action for the partition of the subject property. The plaintiff alleged that Marie Pyram did not divorce the plaintiff's father and, therefore, her marriage to Gerard Dieudonne was void, that, accordingly, Marie Pyram and Gerard Dieudonne held title to the subject property as tenants in common, and that she, as Marie Pyram's sole distributee, was entitled to an undivided one-half interest in the subject property.

The ceremonial marriage between the defendant and Maria Pyram is presumed valid (see Matter of Dugro, 261 App Div 236 [1941], affd 287 NY 595 [1941]), "requiring 'strong and satisfactory' proof to the contrary from one who would attack it" (Matter of Brown, 40 NY2d 938, 939 [1976], quoting Whittley v Whittley, 60 Misc 201, 203 [Sup Ct, NY County 1908]). Where

as here, there are two ceremonial marriages at issue, the second marriage is presumed valid, requiring proof from the challenger that the first marriage was not terminated (*see Mack v Brown*, 82 AD3d 133 [2011]).

The existence of a rebuttable presumption in favor of the defendant established his entitlement to judgment as a matter of law (*see Tietjem v Yu Chuan Cha*, 23 AD3d 545, 546 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.

Further, even if Marie Pyram were not legally married to the defendant, the deed to the subject property nevertheless created a joint tenancy, with the right of survivorship (*see Morgan v Morgan*, 111 AD2d 790 [1985]). The deed to the subject property was executed in 1980. Accordingly, EPTL 6-2.2 (d), as amended in 1975, governs (*see* L 1975, ch 263, § 3; *Goodwin v Nixon*, 15 Misc 3d 1142[A], 2007 NY Slip Op 51111[U], *2 n 1 [Sup Ct, Bronx County 2007]). Pursuant to EPTL 6-2.2 (d) "[a] disposition of real property . . . to persons who are not legally married to one another but who are described in the disposition as husband and wife creates in them a joint tenancy, unless expressly declared to be a tenancy in common."

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.